WILLIAMS *v.* WILLIAMS.

[90 South. 330.  No. 22248.]

DIVORCE. *Power to modify as to alimony does not justify substitution of decrees.*

Section 1673, Code of 1906 (Hemingway's Code, section 1415), which provides that the court may at a subsequent term change a decree awarding alimony "and make from time to time such new decree as the case may require," does not authorize the court to set aside a decree rendered at a former term and render another in lieu thereof, but only to change and modify the terms of a former decree in accordance with after-arising circumstances of the parties.

APPEAL from chancery court of Bolivar county.
HON. J. D. MAGRUDER, Special Chancellor.

Petition by George Edward Williams against Myrtle D. Williams, for the amendment of a decree of divorce in favor of the defendant. Decree for complainant, and defendant appeals. Reversed and remanded.

*Shands, Elmore & Causey,* for appellant.

Under what circumstances may decrees and judgments be corrected after the term on the ground of mistake? A. A decree may be corrected on the ground of fraud. B. A decree may be corrected where it contains "a mistake, miscalculation or misrecital of any sum of money, quantity of anything of any name and there shall be among the records of the proceedings in the suit any verdict, bond, bill, note or other writing of the like nature or kind, or docket or other memoranda by the judge or chancellor whereby such decree or judgment may be safely corrected. *Anderson* v. *McInnins,* 99 Miss. 823; *Bank* v. *Norment,* 115 Miss. 409. C. Or the proceeding must go on the ground that the judgment was erroneously entered by mistake of the clerk, and was not the judgment actually rendered. *Wilson* v. *Handsboro,* 99 Miss. 252.

The petitions seeking reformation charge no fraud and the evidence proves none. Appellee does not allege that he made any mistake and does not prove that he made any. Appellee does not allege and does not prove that the court make a mistake and entered a decree which it did not intend to enter. He does not allege and he does not prove that Mr. Hallam drafted a decree which he did not intend to draft. He does not aver and does not prove that the clerk, by misprision, entered a decree not actually rendered. He does not allege, he does not prove, that Mrs. Williams participated in the procurement of a decree which she did not intend to procure.

The sole and only authority cited by appellee for correcting a mistake in a decree, the case of *Zane* v. *Fink,* 19 W. Va. 893, is not accessible to us. It is said to hold that, where, by inadvertance or mistake, a decree by consent does not speak the true intentions of the parties, equity will grant relief and reform it. We do not know what the circumstances of that case were. But we do know that, in the present case, there was no allegation and no proof of inadvertance or mistake.

Does section 1673, Code of 1906, authorizing changes from time to .time in alimony decrees enlarge the usual rules governing the correction of mistakes in decrees so as to provide more liberal rules with reference to correcting alleged mistakes in decrees from alimony? We think not. The statute never contemplated, we submit, that the same court, at a subsequent term, should entertain a petition attacking the integrity of a final decree on the bald, naked ground that its finding was not true, no special circumstances whatever being alleged or proved, nor even relied on except in the brief.

We showed in our original brief that the uniform holding of the states, where similar statutes are in force, is that such statutes have a definite aim and purpose, that is to authorize a change in the decree in case of a change in circumstances only. Appellee does not cite a single case, not an adjudged instance to the contrary. Appellee states that the cases cited by us do not apply, because we did not urge for the purpose of the hearing that new grounds had arisen which justified a modification, nor do we do so at this time. But his failure to conform to an essential requirement for the operation of the statute does not make the requirement any the less essential.

*J. W. Cutrer* and *J. C. Cutrer,* for appellee.

As justification for the petition to modify the decree for alimony, the appellee relied upon section 1673 of the Code of 1906. The wording of that section of the Code is clear and unequivocal, and provides that when a decree for a divorce contains provisions for alimony for the wife, the court may afterwards on petition, change the decree and make from time to time such new decrees as the case may require.

Counsel for appellant say that relief under this section is granted only where sufficient cause has intervened since the decree, and in support of his contention cite numerous authorities to that effect. None of those cases are ap-

plicable to the facts of the case under consideration of this appeal. We have no doubt that they are good law in reference to their own particular facts. We did not urge for the purpose of the hearing that new grounds had arisen which justified a modification nor do we do so at this time. We ask that the decree be changed and altered on. the ground that it was entered through mistake. *Thompson* v. *Camors,* 89 So. 649.

Counsel contend that there is not enough evidence in the record to warrant the reformation or cancellation of a simple contract, and in support of this contention cite two cases, which we submit have no bearing upon the point whatsoever.

The first case is *Ayers* v. *Mitchell,* 3 S. & M. 683. That was an action in equity to rescind a contract to convey real estate on the ground of false and fraudulent representations by the vendor. The court said: "A fair presumption may be indulged that they knew the vendor to be able to convey. Indeed they do not aver that they purchased in ignorance of encumbrances or defective title to that part of the land included in the bond. On this subject they are silent. It is true, that Gates represented to them that he would be able to make a good title, but they do not state that they considered these promises. For anything that appears to the contrary they may have been as well informed of the nature of his title as he was himself, and equity cannot relieve them against their own folly. So far as this portion of the land was concerned, they were only to receive a title on payment of a part of the purchase money, and it is incumbent upon them to put Gates in default by offering to perform their part of the contract before they can ask for a rescission; but no offer or willingness to perform is alleged."

Again; "A scrutinous examination of the complainant's testimony is well calculated to raise a belief that something has been concealed. It is not characterized by that fairness which is necessary for one who is seeking relief

in a court of equity. It does not make a full disclosure. *Wynn* v. *Kendall*, 85 So. 85.

"We submit that there is no question here of the reformance or cancellation of a contract in any sense of the word. This is a proceeding under a statute authorizing the court in its discretion upon petition to change the decree and make, from time to time, such new decrees as the case may require."

If there ever was a case which required a new decree that justice might be done, this is the one. See especially *Humber* v. *Humber*, 109 Miss. 216, 218, 227, 228. Upon the facts shown by the record and upon a careful reading of the statute referred to, we submit that the chancellor was not only not in error in his finding, but was eminently correct, and the judgment appealed from should be affirmed.

The supreme court of Minnesota, in the case of *Warren* v. *Warren*, 133 N. W. 1009, dealing with a statute similar to our own, where the decree recited an agreement for alimony entered into between the parties, laid down the following rule: "It appears that the original judgment for alimony was based upon a stipulation of the parties, entered into pending the action, but not to facilitate the granting of the divorce, and plaintiff contends that the judgment so founded and entered became a contract between the parties, and is not subject to change by the court, except upon restoration of plaintiff to her position and rights before its entry.

In this we are unable to concur. Stipulations and agreements of the kind, where not void by reason of having been entered into to facilitate a decree of divorce, become merged in the judgment when entered, and are not, in the absence of statute upon the subject, so far of a contractual nature as to preclude the court subsequently from changing and modifying the judgment, upon application of one of the parties. The court is not controlled by the stipulation, and may adopt or reject it as seems consistent and proper from the situation of the parties, as disclosed by the evidence on the trial. The fact that such stipulations are

usually adopted by the court does not change the situation. At the time this action was commenced, our statutes expressly provide for the change and modification of judgments for alimony in divorce actions, and the agreement, fixing the allowance to be paid the wife in the case at bar, must be deemed to have been entered into in view of the statutes which by implication, became a part of the same."

This shows that the matter is not a question of the cancellation or reformation of the contract in any sense of the word, but shows that the agreement had become merged in the decree and had become an integral part of the decree. So in this case, when the appellant came into the court seeking relief and obtained the decree she sought for, she took the same subject to the statute already in existence. In other words, she was affected with notice that the decree obtained was subject to change at any time by proper proceeding in a proper case brought by either party.

Referring again to the question of agreement and the incorporation of same into a decree, we refer the court to the case of *Pryor* v. *Pryor,* 129 A. S. R. 102, at page 107, where the supreme court of Arkansas was dealing with a statute similar to our own. So also, the case of *Camp* v. *Camp,* 122 N. W. 521; *Zane* v. *Fink,* 18 W. Va. 893.

As to the alimony already accrued, we admit that where the modification of a decree is sought by reason of a change of conditions or circumstances arising after the date of the decree, the wife may be said in some cases to have a vested right in the amount accrued to the date of the modification. However, we submit that, where there was so grievous a mistake in the recital of the decree, no such right as above stated exists, for the reason that no right can be dependent upon a wrong. The decree appealed from in this case, recites that the real agreement between the parties was for the payment of alimony for six months from the date of the original decree, and that the appellee was not indebted to the appellant beyond that time. In other words, the appellee is indebted to the appellant in the sum of two hundred and twenty-five dollars, according to the

decree, and we submit that is the extent of the liability of the appellee in the premises.

Upon the whole record, therefore, we submit that the decree appealed from should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The parties hereto were formerly husband and wife, but were divorced by a decree of the court below rendered on the 22d day of December, 1919, in which decree alimony was awarded to the appellant by the following provision thereof:

"And complainant and defendant having consented and agreed in open court that the defendant shall pay the complainant as alimony in lieu of all other alimony and attorney's fees the sum of seventy-five dollars per month, payable on the first day of each month, commencing on January 1, 1920; and the court being of the opinion from the evidence that the said sum is reasonable and proper, it is therefore ordered, adjudged and decreed that said complainant, Myrtle D. Williams, be paid by the defendant, G. E. Williams, said sum of seventy-five dollars per month, beginning on the first day of January, 1920, and a like sum on the first day of each month thereafter unless the said complainant should remarry."

On January 6, 1921, the appellant filed a petition in the court below setting forth that the appellee had made only three of the monthly payments provided for in the decree of divorce, and prayed that he be cited to appear and show cause why he should not be held in contempt of the court for his failure to comply with the requirements of its decree. Thereafter the appellee filed a petition setting forth "that he had never read the original decree entered in this cause until he was cited to appear . . . to show cause why he should not be adjudged in contempt of court for failure to pay the alimony provided in the said decree," and "that the agreement between himself and the complainant was that the complainant expressed a desire to take

a course of instruction or training which she stated would cost her approximately seventy-five dollars a month, then stated to your petitioner that when this course was completed she wanted none of his money," and, in substance, that he paid several installments of the alimony allowed the appellant until he discovered that she was not taking a course of instruction or training, whereupon he made no further payments to her, believing that he was no longer bound by his agreement so to do; that the appellant now has sufficient income for her maintenance, and that the appellee is now unable to mal the payments allowed appellant in the decree of divorce. The prayer of the petition is that the original decree be amended so as not to allow the appellant alimony, or only such as may be just and proper.

This petition was answered by the appellant, and the cause was tried by a special chancellor, who, after hearing the evidence, rendered a decree reciting:

"That the minds of the parties never met and mutually concurred in an agreement for the fixing of continuing permanent alimony, nor in the amount of such alimony, but that said agreement was that the defendant should pay seventy-five dollars per month to the complainant for an indeterminate period covered by the time reasonably required for the complainant to complete a course of business instruction extending over a period of some months, and the court finds that a reasonable time for the completion of said course is six months, and therefore the court finds that the limit of the real liability of the defendant to the complainant at the time the decree was entered was and is for an allowance of six months at the outside of seventy-five dollars per month, or a total liability of four hundred fifty dollars, of which sum defendant has paid complainant two hundred twenty dollars, leaving a balance of two hundred twenty-five dollars.

"It is therefore ordered, adjudged, and decreed that the said defendant, G. Edw. Williams, pay to the said Mrs. Myrtle D. Williams or her solicitors of record, within thirty days from the entry of this decree, the said sum of two

hundred twenty-five dollars together with interest thereon at the rate of six per cent. per annum from June 1, 1920, as and for alimony found by the court to be due the said complainant by the said defendant, and that the defendant pay all costs of this proceeding.

"It is further ordered, adjudged, and decreed that the decree heretofore entered in this cause on the 22d day of December, 1919, and recorded at page 92 of Minute Book C of the minutes of this court at Cleveland, Mississippi, being the decree for divorce between the parties hereto, be reformed in so far as the provisions for alimony therein contained is concerned in accordance with the finding of the court as above set out, and that the defendant, when he shall have paid the said sum of two hundred twenty-five dollars, with the interest and costs, shall be free from all further liability on account of said alimony."

Counsel for the appellee do not and could not successfully contend that the decree is authorized by any of the general powers of the court below, their contention being that it is authorized by section 1673, Code of 1906 (section 1415, Hemingway's Code), which provides:

"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders . . . touching the maintenance and alimony of the wife, or an    allowance to be made to her, and may, if need be, reqr    ; sureties for the payment of the sum so allowed; ar    .e court may afterward, on petition, change the decr    .nd make from time to time such new decrees as the ca,    1ay require."

1. s statute does not authorize the court to set aside a decree rendered at a former term and render another in lieu thereof, but only to change or modify the terms of a former decree in accordance with the after-arising circumstances of the parties. *Guess* v. *Smith,* 100 Miss. 461, 56 So. 166, Ann. Cas. 1914A, 300; *Sistare* v. *Sistare,* 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068,

20 Ann. Cas. 1061; *McGregor* v. *McGregor,* 52 Colo. 292, 122 Pac. 390; *Graves* v. *Graves,* 132 Iowa, 199, 109 N. W. 709, 10 L. R. A. (N. S.) 216, 10 Ann. Cas. 1104; 19 C. J. 273; 1 R. C. L. 948.

*Reversed and remanded.*