CADENHEAD *v.* ESTES *et al.*

[99 So. 361.  No. 23983.]

(Division B.  March 10, 1924.)

1. COURTS. *Divorce.  Chancery court has jurisdiction of suit against sureties on bond to pay alimony.*

    The chancery court has full jurisdiction in suits for alimony under section 159 of the state Constitution, and may entertain a suit by the wife against sureties on the husband's bond to pay alimony, where the bond is given in accordance with a .decree of the court.  It is therefore error for the chancery court to transfer such suit to the circuit court against the consent of the complainant.  It is only in cases where the circuit court has "exclusive jurisdiction" that a cause may be transferred under section 162 of the state Constitution, unless by consent of the parties.

2. COURTS. *Divorce.  Suit against sureties on bond to pay alimony may be brought in county where some of sureties live.*

    Where none of the sureties on a bond for alimony live in the county where a decree for alimony was rendered, and to satisfy which a bond was given by the defendant in the alimony suit and the sureties on such bond, a suit on the bond may be brought in the chancery court of the county where some of the sureties live, and such suit will be regarded as ancillary to the court where the alimony suit is pending, and in such case the sureties may not have the cause transferred to the circuit court.

APPEAL from chancery court of Forrest county.
HON. T. P. DALE, Chancellor.

Suit by Mrs. Pearl Denham Cadenhead against O. W. Estes and others.  From a judgment for defendants, plaintiff appeals.  Reversed and remanded.

*Stevens & Heidelberg,* for appellant.

This is an appeal from the decrees of the chancery court of Forrest county, holding that the chancery court was without jurisdiction to hear this case, and that the case is exclusively of circuit court jurisdiction, and

·ordering the transfer of the case to the circuit court
of Forrest county. The suit is one by appellant upon the
bonds executed by the sureties in favor of appellant to
secure payments of alimony awarded by decree of the
chancery court of Perry county in the suit of the appel-
lant against her husband, L. C. Cadenhead.

This suit is a proceeding to enforce payment of the de-
cree for alimony granted by the chancery court, and is
therefore a matter peculiarly of chancery jurisdiction.
The chancery court of our state has always enjoyed full
jurisdiction of matters of divorce and alimony. The
bonds sued on are simply security required by the de-
cree awarding the alimony and looking to the enforce-
ment of the provisions of the decree as to alimony. They
are simply an incident to the main provision of the decree
and intended to aid the chancery court in enforcing its
decree making provision for the maintenance of the wife
and child.

Among the powers enumerated as pertaining to courts
of chancery by section 159 of the Constitution of Missis-
sippi is full jurisdiction of divorce and alimony. This
jurisdiction is further stated and confirmed in section
289 of Hemingway's Annotated Mississippi Code. The
leading case is *Garland* v. *Garland,* 50 Miss. 715. The
chancery court has always been solicitous to enforce this
legal duty of the husband to his dependents, recogniz-
ing their helpless estate otherwise, and the manifest in-
terests of society in the prompt and complete enforce-
ment of the marital obligations of the husband in this
regard. Equity assumed jurisdiction of matters of this
sort early in the history of our jurisprudence because of
the fact that the common law did not allow the wife to
sue the husband, and because there was no adequate rem-
edy at law. Out of this beginning has grown the full
jurisdiction now enjoyed by the chancery court in mat-
ters of divorce and alimony.

This proceeding furthermore, is, in its essential as-
pects, one to enforce the court's own decree in a matter,

as above stated, peculiar to its jurisdiction. Section 144, section 152, section 159, section 164 of the Constitution of Mississippi. In the case at bar the chancery court of Perry county had full jurisdiction under the Constitutional provisions, and under section 289 of Hemingway's Annotated Mississippi Code, and under section 1415 of the latter code, to "make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her."

The chancery court of Forrest county is but an arm of the chancery branch of the judicial system of the state, and certainly in a case of the kind, upon proper showing, may aid in the enforcement of the decree of another court of the same branch of the judicial system of the state. The complainant, when she brought her suit in the chancery court of Perry county brought it in the chancery court of the state, and in that territorial sub-division of the system bounded by the confines of Perry county. When she brought her suit on the bonds which were executed for her protection under the order of the said chancery court of Perry county, she brought it still in the chancery court of the state, but in that territorial sub-division thereof bounded by the confines of Forrest county. In both instances she is in the chancery court of the state of Mississippi, and in a court having full and complete jurisdiction in all matters relating to alimony.

The bonds sued on do not involve any such penalty or forfeiture as is ordinarily involved in the rule adverted to by counsel, that chancery will not actively enforce penalties or forfeitures. The bonds sued on rather are security for the payment of money just as a bond for the payment of rents in monthly installments is a security for the payment of money. They are financial bonds just as a guaranty executed by a third party guaranteeing the payment of the debt of another.

It is unthinkable that the chancery court is under any duty to send this case to a court of law and compel this

woman and child to follow up in a law court and try her case out before juries, possibly have to bring two suits upon the two bonds involved, one in one county, and another in a far distant county, at manifest great expense and personal inconvenience. The court rather ought to be solicitious to give full relief to these wards of the court, and exhaust every resource to see that the obligations assumed by these parties are satisfactorily discharged to the protection not only of the direct beneficiaries, but also of society. The chancery court ought not to be so ready to confess its weakness and its impotence in a matter of so vital concern to its jurisdiction, and to society.

*Currie & Currie,* and *R. A. Wallace,* for O. W. Estes and Joe B. Philips, appellees.

There are numerous complete answers to the argument of counsel for the appellant. Cadenhead, the principal in the bonds, is not a party to the bill. He is the only party to the bonds against whom the chancery court could grant any relief beyond a mere money decree. Could the chancery court of Forrest county send the sureties to jail because Cadenhead did not (1) pay the alimony and (2) did not appear before the chancery court of Perry county at the January, 1922, term thereof? Hardly. Could the chancery-court of Forrest county (1) send the sureties to jail until they paid the alimony and (2) produced the body of Cadenhead before the chancery court of Perry county? Hardly. With Cadenhead out of the case, what more could the chancery court of Forrest county do than to render a money decree against the sureties on the bond? Nothing—absolutely nothing. Does it require the aid of a chancery court to obtain a judgment—a money judgment—on the bond? Why? No reason can be found or assigned for equity jurisdiction. There is none.

Stripped of all of its irrelevant and immaterial allegations, and getting right to the merits of the cause of action alleged in the bill of complaint, it alleges a straight

out action at law on a bond. Nothing more can be made
of it. That is what the chancery court held, and it was
correct. Section 519, Hemingway's Annotated Missis-
sippi Code, 1917, section 736, Code 1906, provides for
the bringing of suits on bonds in circuit courts.

Section 600, Hemingway's Annotated Mississippi Code,
1917, section 812, Code 1906, provides for judgment on
bonds for money. These two sections of our Code read
and construed together provide a complete remedy for
the appellant in this case upon these bonds.

There is a deep-seated, fundamental and constitutional
reason why the appellant in this case should be required
to proceed in the circuit court, and why the appellees
have a right to a trial in the circuit court, and why the
chancery court could not assume jurisdiction. *Hipp* v.
*Babin,* 19 How. (U. S. Sup. Ct.), 271-279, Book 15, L. Ed.,
633; *Lewis* v. *Cocks,* 23 Wall. (U. S.), 466-471, Book 23,
L. Ed. 70-71.

The bill in this case does not present a cause of con-
current jurisdiction. The action is one upon a bond, it
is true, but the bond sued upon is not that of an officer,
or a fiduciary, and there are no mutual or complicated
accounts to be investigated. Section 161 of the Consti-
tution of the state of Mississippi, prescribes the only
conditions upon which the chancery courts, and the cir-
cuit courts have concurrent jurisdiction of actions on
bonds.

The first ground of equity jurisdiction laid in the
bill is "that the suit is in aid of the chancery jurisdic-
tion to compel performance of the said decrees of the
chancery court of Perry county in a matter peculiarly
within the jurisdiction of chancery." The question
arises; how is the bill designed to aid the chancery juris-
diction? How only could it aid such jurisdiction? Sim-
ply by rendering a money decree. That is all. A circuit
court could do as much by rendering a money judgment
in a suit on the bonds.

Failure to do either one of three different things enumerated in the bond would subject the sureties to the immediate liability to pay the full penalty of the bond, viz: (1) Cadenhead's failure to pay the first, or any monthly installment of alimony amounting to one hundred fifty dollars only; (2) his failure to pay the one thousand dollars installment; (3) his failure to appear personally before the January, 1922, term of the chancery court of Perry county. A more highly penal obligation could scarcely have been conceived or drawn—requiring a penalty—a forfeiture of three thousand dollars for a failure to pay only one hundred fifty dollars. In drawing and requiring this bond—and Cadenhead was in jail—they were making hard and penal terms for his release. That three thousand dollars would be forfeited and could be collected for a failure to pay only one hundred fifty dollars under the terms of this bond, will not admit of doubt, and this being its terms, the test of the nature of the obligation is at once determined—it is a plain forfeiture and a penalty.

The appellant in this very bill sues to recover the penalty as such. The foregoing being the nature and character of the obligation in the bond, a court of chancery will not enforce it. 1 Pomeroy's Equity Jurisprudence (3 Ed.), par. 441, page 733.

The argument advanced that the chancery court of Forrest county could assume jurisdiction in aid of the chancery court of Perry county is fallacious. The question is not whether a chancery court has jurisdiction of the subject-matter of divorce and alimony, nor whether one chancery court might entertain a proper suit in aid of the decree of another chancery court, but the question is whether any chancery court has jurisdiction of a common-law action to recover a money judgment on a money bond. We have cited ample authorities to the effect that a chancery court has no such jurisdiction.

ETHRIDGE, J., delivered the opinion of the court.

Mrs. Cadenhead, the appellant, secured a decree for alimony against L. C. Cadenhead, her husband, in the chancery court of Perry county, Miss. The original decree required L. C. Cadenhead to pay alimony in the sum of ten thousand dollars and an additional alimony of two hundred fifty dollars per month for the support of herself and her son, and required Cadenhead to give bond to carry out the conditions of the decree and pay the said alimony. Later this bond was reduced by a decree of the court to three thousand dollars, and reduced the amount of cash alimony to be paid to one thousand dollars and the monthly alimony to one hundred fifty dollars and required Cadenhead to give bond to carry out the terms of the decree. Cadenhead tendered a bond signed by himself, appellees Estes and others, but the chancery clerk, who is required to approve the bond, being in doubt as to the sufficiency of the sureties, presented the matter to the chancellor for consideration, and the chancellor approved the bond for three thousand dollars conditioned to pay the one thousand dollars and the one hundred fifty dollars each month, and for the appearance of Cadenhead at the January, 1922, term of the chancery court of Perry county, for the purpose of submitting himself to the jurisdiction of the court, etc., and directed that a cumulative bond for three thousand dollars signed by other sureties, be furnished by Cadenhead, conditioned like the first, but providing in the decree that the total liability under both bonds should not exceed three thousand dollars. Some of the sureties on these bonds lived in Forrest county, Miss., and some in other counties in the state—none of them appear to have lived in Perry county.

The present bill was filed by Mrs. Cadenhead in the chancery court of Forrest county, and set forth the decree above referred to, and the giving of the bonds, making copies of the decrees and of the bonds exhibits to her bill, and averring that the conditions of the said bonds had been breached, in that the moneys required

by the said decree to be paid had not been paid, and that by virtue of the giving of said bonds the said L. C. Cadenhead obtained his discharge from jail and regained his liberty, and further alleging that L. C. Cadenhead had not complied with the terms of the decree of the court, in that he had not paid said monthly sums of alimony for the months of September, October, November, and December of the year 1921, and in that he had not paid said monthly sums of alimony for any of the months of the year 1922, and that he did not pay before January, 1922, the sum of one thousand dollars required to be paid by the said decree, and has not paid the same at any time since; and that he did not appear at the said January, 1922, term of the chancery court of Perry county, as required by the decree of February 26, 1921, above referred to, and prayed for a judgment against the sureties on the said bonds and for further or general relief.

There was a motion filed by the defendants to transfer the cause to the circuit court, but this motion was not passed upon, and demurrers were filed by the several sureties upon the grounds that there was no equity on the face of the bill; that the complainant had adequate remedy at law; that the averments of the bill showed there would be no multiplicity of suits; and that the chancery court of Forrest county had no jurisdiction in aid of the chancery court of Perry county in enforcing its decrees in the cause between L. C. Cadenhead for alimony and the complainant herein, which demurrers were sustained by the court, and the cause ordered transferred to the circuit court of Forrest county, Miss.; but on application allowed an appeal sustaining the demurrer, for the purpose of settling the principles of the cause.

This appeal, therefore, presents for consideration the question as to whether or not the chancery court has jurisdiction to entertain a suit on a bond given in an alimony suit to secure the payment of alimony against the sureties signing said bond with the principal, and, if so,

whether the chancery court of another county than that in which the decrees for alimony were rendered, but where the sureties on the bond, or some of them, live in other counties, may entertain said suit as ancilliary in aid of the original chancery court where the suit was first filed; or whether the suit on such bond is one purely of common-law jurisdiction, which the circuit court alone has jurisdiction to entertain, where the sum sued for is in excess of two hundred dollars.

The decrees made exhibits to the bill retain jurisdiction in court to enforce the judgments or make further orders therein.

Section 159 of the state Constitution provides: ''The chancery court shall have full jurisdiction in the following matters, . . . namely: 'b. Divorce and alimony.' ''

Section 162 of the state Constitution provides: ''All causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court.''

It will be noted that the last section uses the words ''exclusive jurisdiction,'' so that the case must be one where the circuit court has exclusive jurisdiction for the chancery court to justify transferring over the protest of the parties.

It will be seen by the provisions of section 159, above set forth, that the chancery court has full jurisdiction of the subject of divorce and alimony. The suit here is founded on a demand for alimony, which appears in the face of the bond sued upon, so the contract of the sureties in signing the bonds is one to secure the payment of alimony adjudicated by the court against the husband in favor of the wife. So we are clearly of the opinion that the chancery court of Perry county had full power and jurisdiction to render judgment upon bonds given to secure the enforcement of the payment of alimony, and it could have brought all of the sureties on the bond before that court, and in that court have administered full

134 Miss.—37.

and complete jurisdiction in rendering judgment against the sureties and awarding an execution thereon.

Inasmuch as the defendants, or part of them, lived in various counties, we think that the suit so brought is an ancilliary proceeding in that court to carry out the terms of bonds and decrees and secure the alimony adjudged to the complainant. This is not a suit of exclusive circuit court jurisdiction. If any court had exclusive jurisdiction, it was the chancery court. We think that bonds of this kind might be sued upon in either court. As viewed from one angle it is an agreement to pay alimony and to see that the conditions decreed for alimony are carried out. It is certain that the chancery court has jurisdiction in such cases, and we think it was error for the court to sustain the demurrers and transfer the cause to the circuit court. The judgment of the court below will therefore be reversed and demurrers overruled, and the cause retained, with leave to the defendants to answer within thirty days from the receipt of the mandate of this court in the court below.

*Reversed and remanded.*