SCHNEIDER *v.* SCHNEIDER.

(Division B. Dec. 9, 1929. Suggestion of Error Overruled, Jan. 20, 1930.)

[125 So. 91. No. 28171.]

622

**W. H. Cox**, of Jackson, for appellant.

Robt. B. Ricketts, of Jackson, for appellee.

Argued orally by **W. H. Cox,** for appellant, and by **Robt. B. Ricketts,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, a resident citizen of Harrison county, in this state, filed her bill against appellee in the chancery court of Hinds county, where the latter is a resident citizen and a householder and freeholder, to recover of the latter certain moneys expended by appellant for the maintenance, support, and education of their minor son, Karl Schneider, Jr., and for an allowance against the appellee for the future education and support of their said child. Appellee demurred to the bill, challenging the jurisdiction of the chancery court of Hinds county to render the decree prayed for; the demurrer was sustained, and the bill dismissed. From that decree, appellant prosecutes this appeal.

The allegations of the bill are substantially as follows: Appellant and appellee were married in November, 1913; the son, Karl Schneider, Jr., was born to them in June, 1914. Subsequent thereto appellant filed her bill against appellee in the chancery court of Harrison county, in this state, for a divorce and for the custody of their child. In her bill she made no demand either for alimony or for support money for the child. The appellee was at that

time a nonresident of the state, and was made a party to the cause by publication of notice. A decree was rendered in the cause, without contest on the part of appellee, dissolving the marriage relation, and awarding the custody of the child to appellant. The decree made no mention of, or provision for, either alimony for the appellant or support money for the child. Since the rendition of that decree, and up to the time of filing the bill in the present case, appellant has supported the child, and is now educating him, without any assistance from appellee, out of her own means. At the time the bill in this case was filed, Karl Schneider, Jr., was about fifteen years of age. He was in school, and had been for some years, at the Gulf Coast Military Academy. The bill alleged that appellant was without means of her own to support and carry on the education of the child.

The jurisdiction of the court was challenged, first, upon the ground that under section 1673, Code of 1906 (section 1483, Hemingway's 1927 Code), the chancery court of Harrison county had exclusive jurisdiction, because that court rendered the decree of divorce and for the custody of the child; and, second, that the cause of action was of purely legal cognizance.

The court in its decree held, quoting from the decree, that "this court had no jurisdiction of this action to proceed against this defendant for the support money for the minor Karl Schneider, Jr., but the chancery court of Harrison county, where the original bill for the divorce and custody of the child was decreed, had exclusive jurisdiction in that matter under the statute; the court holds further that, as to the demands for moneys paid out by the complainant for the support of the child, the same is purely a common-law right, on which suit in the circuit court would lie. This court finds it has no jurisdiction of that subject-matter, as the same is of the circuit court's cognizance and properly enforced in that court."

The principal ground upon which appellant asks a reversal of the decree is that the court erred in holding that it was without jurisdiction to entertain the cause, because the chancery court of Harrison county had exclusive jurisdiction. This court held in Lee v. Lee, 135 Miss. 865, 101 So. 345, that where a decree of divorce accorded the custody of the minor children to the wife, but made no provision for their support, it is still the duty of the father to support them, unless, under the law, there is some reason why he should be relieved therefrom, and where the mother furnishes their support, and no such reason exists, the father becomes her debtor to that extent, for which debt she may recover against him.

The main question, as stated above, is whether, under section 1673, Code of 1906 (section 1483, Hemingway's 1927 Code), in such a case the chancery court which rendered the decree has exclusive jurisdiction to reimburse the mother for moneys expended by her in support of the children, whose custody she is given by the decree, and for an allowance for their future support. That statute, in substance, provides that, when a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard for the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or the payment of the sums allowed for that purpose, *"and the court may afterward, on petition, change the decree, and make from time to time such new decrees as the case may require."* (Italics ours.)

Appellant's bill for divorce, brought in the chancery court of Harrison county, made no mention of the maintenance and support of the child; that question was not presented by the pleadings, nor considered by the court in rendering its decree. The pleadings in the cause and the decree are absolutely silent as to that question. The

question here is whether or not, where a chancery court has taken jurisdiction of a cause brought by one spouse against the other alone for a divorce and the custody of the child, and the relief prayed for is granted, that court alone has jurisdiction afterward to decree an allowance for the support of the child. The decision of this question turns upon the construction of the language of the stat-. ute: "And the court may afterward, on petition, change the decree, and make from time to time such new decrees as the case may require."

This court held in Guess v. Smith, 100 Miss. 457, 56 So. 166, Ann. Cas. 1914A, 300, that where the alimony awarded to the wife is commuted to a lump sum, to be paid presently, the court could not, after the term at which decree was rendered, under the statute, modify or change the decree as to alimony. In Williams v. Williams, 127 Miss. 627, 90 So. 330, 331, the court, construing the language of the statute, above quoted, held that the statute "does not authorize the court to set aside a decree rendered at a former term and render another in lieu thereof, but only to change and modify the terms of a former decree in accordance with the after arising circumstances of the parties." It is not sought in this case to *change* the decree of the chancery court of Harrison county, nor to have the court make *a new* decree, touching any matter presented by the pleadings and adjudicated in that decree. That decree granted appellant a divorce and the custody of the child. The bill in the present case sought no change whatever in that decree.

A new decree is another and different decree on the same subject-matter as the original decree. A change in a decree is a modification of, or addition to, such a decree, in respect to the subject-matter which it decided. Neither a new decree, nor a modification or change in the old decree, is asked for in this case. An entirely new subject-matter is the ground of the bill, namely, support

money for the child, which was not involved in the other case, and therefore the court, in the other case, made no decree with reference thereto, and was without authority to do so, for the court in that case was not asked to exercise its jurisdiction with reference to support money for the child. The old decree in this case was responsive to the allegations and prayer of the appellant's bill. It was a bill which, in its allegations and prayer, presented exclusively the questions of divorce and custody of the minor child. Under the law the court in its decree could not have gone beyond the allegations and prayer of the bill. It could not have decreed an allowance to appellant for the support of the minor child; the court was not asked to exercise its jurisdiction to that extent.

The case of Cadenhead v. Estes, 134 Miss. 569, 99 So. 361, has a bearing on this question. In that case it was held that, where none of the sureties on a bond for alimony lived in the county where the decree for alimony was rendered, to satisfy which a bond was given by the defendant in the alimony suit, a suit on the bond might be brought in the chancery court of the county where some of the sureties lived, although the decree for alimony was rendered by the chancery court of a different county.

We are of opinion that, under sections 561 and 1677 of the Code of 1906 (sections 336 and 1487, Hemingway's Code of 1927), the chancery court of Hinds county, wherein appellee was a resident citizen and householder and freeholder at the time of filing the bill, had jurisdiction of this cause, instead of the chancery court of Harrison county.

As to whether the cause of action presented by appellant's bill is one of legal or equitable cognizance, we think there is little, if any, difficulty. In the first place, section 159 of the Constitution confers jurisdiction on the chancery court in divorce and alimony and minors' business. Under the statute (section 1673, Code of 1906; section

1483, Hemingway's Code 1927), the court, in awarding alimony and support money for the children, is expressly enjoined to have regard for the circumstances of the parties and the nature of the case "as may seem equitable and just." Expenditures and allowances of the character sued for in this case are, in their very nature, equitable, for the wife, having the custody of the child, is entitled to recover only such sums expended by her which were reasonably necessary for the support and maintenance of the child. The propriety of such expenditures depends upon a variety of considerations. 46 C. J. 1275; Cheever v. Kelly, 96 Kan. 269, 150 P. 529. This principle was recognized by our court in an action for past-due alimony, evidenced either by a bond or a foreign decree. Cadenhead v. Estes, 134 Miss. 569, 99 So. 361; Fanchier v. Gammill, 148 Miss. 723, 114 So. 813.

Reversed and remanded.