ELIZABETH DEAN ET AL. *v.* JASON NILES BOYD.

1. EQUITY JURISDICTION.  *Sequestration.*
    Independently of statute, a court of equity has jurisdiction to issue a writ of sequestration for the seizure and preservation of personal property, so that it may be subject to any final decree that shall be rendered in a cause.

2. HUSBAND AND WIFE.  *Code* 1892, ₴ 2293.
    Under Code 1892, § 2293, providing that all business done by the husband with the means of the wife shall be deemed, in the absence of a special contract to the contrary, to be on her account and for her use, a creditor may subject cotton raised on the wife's plantation to the payment of plantation and family supplies furnished to the husband and used on the place.

3. SAME.  *Husband's deed of trust.  Crops and waiver.  Other property.*
    The act of a creditor who furnishes a husband supplies for a cotton plantation owned by the wife, in taking security upon property of the husband for his claim, is not a waiver of the lien of a deed of trust taken on the cotton raised on the plantation, nor of the rights under Code 1892, § 2293, to subject the cotton to the payment of the debt.

4. CHANCERY PLEADINGS.  *Payment.*
    Payment must be set up by a plea or answer and not by demurrer.

5. SAME.  *Sequestration bond.  Amendment.  Code* 1892, ₴ 513.
    The chancery court may permit a sequestration bond, having only one surety, to be amended so as to have sureties, as provided by Code 1892, § 513.

6. SUPREME COURT PRACTICE.  *Harmless error.*
    Error in not requiring an affidavit for writ of sequestration to be amended so as to conform literally to the statute is not ground for reversal by the supreme court of a decree refusing to dismiss the sequestration proceedings.

FROM the chancery court of Attala county.
HON. JAMES L. McCASKILL, Chancellor.

Boyd, the appellee, was complainant in the court below; Mrs. Elizabeth Dean and her husband, the appellants, were defendants there. From a decree overruling a demurrer to the bill of complaint, and denying a motion to dismiss the sequestration proceedings, the defendants appealed to the supreme court. The complainant in his bill charged that on January 24, 1903, appellee and defendant, Edward W. Dean, the husband of his co-defendant, Elizabeth Dean, entered into a contract by which appellee was to furnish Edward W. Dean money and plantation supplies for carrying on farming operations during the year 1903, and on that date Edward W. Dean executed and delivered to complainant, now appellee, Boyd, a deed of trust on certain personal property and the crops to be grown that year to secure the payment of the supply account and the sum of $235.47 already advanced; that a note was given by Edward W. Dean for $1,640, to cover the sum already advanced and the probable sum to be advanced; that at the time of executing the deed of trust Edward W. Dean assured complainant, now appellee, Boyd, that no person had any lien, right, title, or claim to the crops to be grown during said year; that during the year complainant, now appellee, Boyd, furnished money, goods, and plantation supplies, which he charged to Edward W. Dean, amounting to $2,823.47, and that Edward W. Dean paid on said account at sundry times $2,206.12, leaving a balance due of $617.35; that during the year Edward W. Dean raised on the land twenty-nine bales of cotton, largely by the aid and use of the money and supplies so advanced to him by complainant, Boyd; that at the time of entering into the contract with Edward W. Dean, Boyd was not advised of the fact that the legal title to the land cultivated by Edward W. Dean was in his wife, Elizabeth Dean, and did not know it until a large portion of the supplies had been advanced; that after hearing this fact complainant, Boyd, continued to furnish supplies, believing that Edward W. Dean and his wife would in good faith pay for same; that afterwards Mrs. Dean de-

clared it to be her purpose to claim and hold the balance of the cotton then on hand of the crop raised by her husband on the land she owned, because it was produced on her land and she was in no way liable for the payment of the balance due; that more than $1,100 of the account was for family plantation supplies furnished for and used on the place with the actual knowledge of Mrs. Elizabeth Dean, she having sent orders to complainant, Boyd, for same; that more than the balance due at the time of the filing of the bill of said $1,100 was still unpaid; that both defendants were insolvent, and nothing could be collected from either of them by legal process, and, unless complainant can subject the cotton to the satisfaction of the claim, he will lose it. The account was filed as an exhibit to the bill, and it shows that none of the cotton raised by Edward W. Dean was applied to the payment of the account. The bill also avers that Edward W. Dean had a public road contract, and that some of the supplies advanced to him were used in conducting that business. Complainant asked for a writ of sequestration, filed his bond, with only one surety (which the court allowed to be amended), and obtained the writ of sequestration, and the sheriff took into his custody under it ten bales of cotton, and Mrs. Elizabeth Dean made a proper bond, and it was delivered to her. The prayer was that the cotton which was raised by Edward W. Dean with the aid and use of the money and supplies furnished by complainant, and upon which the deed of trust had been given by said Edward W. Dean, be held liable for the balance of the supply bill.

*S. L. Dodd,* for appellants.

The chancery court is without jurisdiction in the case as made out by the bill of appellee. It shows plainly that appellants and appellee reside in Attala county, Mississippi.

The plain letter of the statute which confers the power under which appellee's bill is framed is pointed out in Code 1892, § 489, which is as follows: "The chancery court shall have juris-

diction of attachment suits against any nonresident, absent, or absconding debtor, whether the debt be legal or equitable, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent, or absconding debtor."

In the construction of this statute—and it is the authority for appellee's action in suing out this writ, or he had none—the supreme court of Mississippi has spoken plainly and decidedly: "The basis of the jurisdiction of the chancery courts to maintain attachment under art. 60, p. 549, Code 1857, is purely statutory, and depends on the condition of facts stated in the statute—to wit, the absence of the debtor; the presence of effects here belonging to, or a debt due, him; or his owning lands and tenements in this state." *Statham* v. *Insurance Company,* 45 Miss., 581; *Allen* v. *Montgomery,* 48 Miss., 101; *Trotter* v. *White,* 10 Smed. & M., 612; *Truman* v. *Gwin, Ib.,* 60; *Scruggs* v. *Blair,* 44 Miss., 406; *Freeman* v. *Malcolm,* 11 Smed. & M., 53; *Freeman* v. *Guion,* 11 Smed. & M., 58.

It is manifest, we respectfully submit to the court, that sec. 489 could not mean anything else than a proceeding against absent, nonresident, or absconding debtors, so as to seize and hold their personal effects in this state.

A careful reading of the bill shows that the complainant extended credit solely and exclusively to Edward W. Dean, the husband, and took a deed of trust and note signed by him alone to secure its payment. The appellee in taking the deed of trust on the wagons, oxen, together "with all stock used by said first party in working said roads," etc., elected to take that security and waived the provisions of Code 1892, § 2293.

*J. S. Smith,* for appellee.

The taking of the husband's note and deed of trust did not release the wife. *Cook* v. *Ligon,* 54 Miss., 368.

Instead of the deed of trust showing that Boyd looked solely

and exclusively to Dean for payment, it shows that the crops of cotton, corn, etc., raised and produced by said Dean were the chief inducement to Boyd to make the advances. Mrs. Dean knew that this deed of trust had been given on the crops to be grown on her land. She sent orders herself personally for goods and family supplies to Boyd, and knew that Boyd was furnishing supplies to the tenants and laborers on her farm, and in equity and good conscience she ought to be estopped to claim the cotton produced on her farm with the aid and use of such supplies, and object to the same being applied to the payment of Boyd's account. Where a husband executes a deed of trust on his wife's personal property with her knowledge and acquiescence, she is estopped from repudiating the deed of trust. *Richardson* v. *Toliver,* 71 Miss., 966; *Upshaw* v. *Gibson,* 53 Miss., 341. But aside from this deed of trust the crops raised or produced on the land of the appellant, Mrs. Dean, are bound and ought to be subjected to the payment of the appellee's account under and by virtue of the statutory agency of the husband as provided for in Code 1892, § 2293, and the repeated decisions of this court. *Ross* v. *Baldwin,* 65 Miss., 570; *Gross* v. *Pigg,* 73 Miss., 286; *Brooks* v. *Barkley,* 72 Miss., 320.

WHITFIELD, C. J., delivered the opinion of the court.

This bill and the sequestration writ were not filed and used with any view of seeking an attachment in chancery. The writ of sequestration here was used in perfect conformity with the ancient and well-established use of the writ for the purpose of impounding the property and holding it subject to the final decree of the court. This use of the writ belongs originally and inherently to the chancery court, and is independent of any statute. It is one of the most beneficent uses to which the writ has been put in chancery practice. See Am. & Eng. Ency. Pl. & Pr., vol. 19, p. 542. The expression "as in other cases" in Code 1892, § 489, merely means that the writ is to be used as it is used in other cases properly cognizable in equity. The

contention of appellants that appellee waived his right in the trust deed, or under Code 1892, § 2293, to go against the cotton for his debt, by also taking security upon certain property of the husband, is manifestly untenable. It is not a case of separate securities, so far as the trust deed is concerned, but of the same security upon two separate kinds of property belonging to separate parties. But, quite independently of the trust deed, appellee had the right to subject the cotton to the payment of plantation and family supplies furnished and used on the wife's farm, such supplies having been procured by the husband as the statutory agent of the wife. Code 1892, § 2293; *Klotz* v. *Butler,* 56 Miss., 333.

So far as application of payment is concerned, and payment in full of the claim is concerned, it is to be said that payment should be set up by plea or answer, and not by demurrer. It is a question of fact, and not of law. It may be added that the account shows on its face that not a dollar was ever applied from cotton on this claim, the last items of credit being August 8th, prior to the maturity of the cotton crop. And, further, it is to be said that the bill expressly avers that more than $1,100 of the account was for family and plantation supplies actually furnished for, and actually used on, the wife's farm, with her knowledge, and that more than $675 (which last is the amount of the unpaid balance) of said $1,100 remains due, unpaid. The demurrer could not admit the truth of these averments, and then attempt to show that $675 had been paid. As said, payment is a matter of evidence, and not the subject of demurrer.

It was perfectly proper for the chancellor to allow the bond to be amended. It is true the affidavit would have more accurately expressed the idea of the statute if it had followed its literal language; but if it should be held that it was error not to require the affidavit to be amended so as to conform literally to the statute, it would not be reversible error. If the case should be reversed for that, all that would be done in the court below

would simply be to amend the affidavit immediately upon application, and proceed as before.

*Substantial justice has been done, and the decree is affirmed, and the cause is remanded, with leave to answer within thirty days from the filing of the mandate in the court below.*