WHITE ET AL. v. WILLIS.

[71 South. 737.]

1. APPEAL AND ERROR.  *Power to reverse.  Jurisdiction.  Constitutional provision.*

Where a chancellor has assumed jurisdiction, the supreme court will not reverse for the sole reason that the complainant has misjudged his forum, being prohibited from so doing by Constitution 1890, section 147.

2. EQUITY.  *Jurisdiction.  Grounds.*

Where the affairs of a defunct bank were being administered in chancery and the receiver suing to recover alleged overdrafts was not in a position to have personal knowledge touching the various items of the deposit account which appellants had with the bank, and the amended bill of complainant charges that the defendant neither admits nor denies the correctness of the bank's statement but refuses to bring their passbooks and other evidence of debt and credit, and refuses to disclose the contents thereof, said passbook and other evidence of debt and credit in possession of defendant being necessary, for a true and just statement and settlement.  In such case the chancery court had jurisdiction.

APPEAL from the chancery court of Holmes county.

HON. J. F. McCOOL, Chancellor.

Suit by J. H. Willis, receiver of bank of Bickens, against Mrs. F. A. White and another.  From a judgment overruling a demurrer to the bill, defendants appeal.

The facts are fully stated in the opinion of the court.

*G. H. McMorrough,* for appellant.

*Noel, Boothe & Pepper,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellee, as receiver of the Bank of Pickens, exhibited the bill of complaint in this cause against Mrs. F. A. White and Mrs. Ora Arnold Mounger, appellants, pray-

ing for an accounting and a personal decree for the balance of an alleged indebtedness evidenced by an overdraft. There was a demurrer to the bill, the demurrer overruled, and an appeal granted to settle the principles of the case. It is sufficient to say that we have examined the bill as amended, and that the bill states a cause of action, whether an accounting is necessary or not. The chancellor has assumed jurisdiction of the case, and under the Constitution, as repeatedly announced by this court, we cannot reverse for the sole reason that the complainant has misjudged his forum. If the chancellor had not assumed jurisdiction, he would have transferred the case to the circuit court.

Aside from section 147 of the Constitution, there were at least plausible grounds for invoking the jurisdiction of equity. In this case the affairs of a defunct banking establishment are being administered in chancery. The receiver is not in position to have personal knowledge touching the various items of the deposit account which appellants had with the bank, and the bill as amended expressly charges that the defendants neither admit nor deny the correctness of the bank statement, but refuse— "to bring their passbook, checks, and other evidences of debit and credit," and "refuse to disclose even the contents thereof, said passbook and other evidences of debit and credit in possession of defendant being necessary for a true and just statement and settlement," etc,

The claim here sued for is not one evidenced by a particular writing, but is an overdraft, the balance of a deposit account extending over many years of banking business done by appellants with the Bank of Pickens.

We see no new principle of law to be decided in this case. The only mistake the chancellor made was in granting an appeal, thereby delaying a trial of this case on the merits, and possibly preventing the receiver of the Bank of Pickens from long since filing his final account.

The decree is affirmed, and the cause remanded, with leave to appellants to answer within thirty days after receipt of mandate by the clerk of the court below.

*Affirmed and remanded.*