## LEE *v.* LEE.*

(En Banc.  June 9, 1924.  Suggestion of Error Overruled Sept. 22, 1924.)

[101 So. 345.  No. 23947.]

1. DIVORCE.  *Duty of father to support children, whose custody awarded to wife, stated; right of divorced wife to recover from father for support furnished children stated.*

   Where a decree of divorce awards the custody of the minor children to the wife, but makes no provision for their sopport, it is still the duty of the father to support them, unless under the law there is some reason why he should be relieved therefrom; and, where the mother furnishes their support where no such reason exists, the father becomes her debtor to that extent, for which she may recover against him.

2. APPEAL AND ERROR.  *Cause not reversed because equitable and not of common-law jurisdiction.*

   Where an appeal is granted from a decree of the chancery court to settle the principles of the cause, and it is found that the only error committed by the trial court was in deciding that the cause was one of equity and not of common-law jurisdiction, under section 147 of the Constitution, the cause cannot be reversed on that ground.

135 Miss.—55.

3. SEQUESTRATION. *Court of equity has jurisdiction to issue writ to seize and preserve personal property awaiting final decree.*

Independently of any statute, a court of equity has jurisdiction, when appropriate, to issue a writ of sequestration for the seizure and preservation of personal property to await final decree in the cause (*Dean* v. *Boyd*, 86 Miss. 204, 38 So. 297); one of its offices being mesne process to impound personal property upon which a lien is sought to be established.

SMITH, C. J., and COOK and SYKES, JJ., dissenting.

---

*Headnote 1. Divorce, 19 C. J., section 814; 2. Appeal and Error, 4 C. J., section 3192; 3. Sequestration, 35 Cyc, p. 1388.

APPEAL from chancery court of Washington county.
HON. E. N. THOMAS, Chancellor.

Action by Mrs. Monnie B. Lee, for herself and as next friend and guardian of W. T. Lee, Jr., against W. T. Lee, Sr., and another. From the judgment rendered, defendant Lee appeals. Affirmed and remanded.

*Thompson & McWhorter,* for appellant.

This is a suit, in chancery by a divorced wife, seeking to recover for moneys expended by her in support of her child by marriage with the appellant, since the divorce, said divorce having been granted in Tennessee.

In addition to this decree of the court of Tennessee granting personal decree for support as a basis for the suit, the bill also charges that twenty-five dollars per month is a reasonable support for the child since the date of the divorce, and that she has been compelled to support the child at a cost to her of twenty-five dollars per month.

To this is interposed a demurrer, challenging the jurisdiction of the court, and charging that the bill does not state a cause of action. Upon this demurrer being overruled, a motion to quash the writ of sequestration resorted to in the cause to impound moneys belonging to defendant Lee was made upon the grounds that the writ was improper, neither the bill nor the affidavit showing the requisite facts for the use of such a writ.

*Did the court have jurisdiction?* It should be noted, also, that the bill purports to be a suit by the mother for reimbursement in one instance and to be a suit by the child, by her as guardian, in another. It will be observed then that this is not a suit by a mother for the support of her child, nor can it be a suit to modify or change a decree of court touching support, etc., since it is merely a suit by one divorced in a foreign court for reimbursement for necessary expenditures made in behalf of the child, the custody of which was requested of, and was by the court granted to her. She not having been divorced by the court in this state to which she applied for an order touching the support of her child, and the child not being a ward of this state, clearly, chancery gets no jurisdiction in this state by virtue of the statutes on Divorce and Alimony and Minors. See section 1415, Hemingway's Code; 100 Miss. 460; *McKay* v. *McKay,* 125 Cal. 65, 57 Pac. 677.

As to that feature of the bill making it a suit by the child, it has been recently held by this court that a suit by a child does not lie against its father. *Rawlings* v. *Rawlings,* 83 So. 146. True, this was suit for future support, but the principle announced is as decisive of a suit for past support as for future support.

The ground of the suit in question, if indeed there be any, is legal. It is purely a contract action. *Assumpsit,* for money paid is the remedy, and in the case at bar could rest upon nothing but implied contract, no express contract being charged. *Ramsey* v. *Ramsey,* 69 Ind. 70, 23 N. E. 70.

However, in the court below, counsel seemed to rely exclusively in his argument upon the jurisdictional feature on *Dean* v. *Boyd,* 86 Miss. 204, it being contended by him that the writ of sequestration run upon the defendant below, of and by itself, conferred jurisdiction upon the court. As we understand it then, the question for this court to decide is: Does chancery have jurisdiction, independent of equities charged in the bill, to issue the

writ of sequestration, impounding. money against which no lien, claim, charge, or interest of any kind whatever is asserted? Counsel for appellee says: yes; we say: no.

The gist of the bill is: Complainant charged that defendant owed her money, then pointed out some money belonging to the defendant and asked the court to sieze it for her lest the defendant may spirit it away. For our statutes authorizing the issuance of the writ of sequestration, and prescribing what affidavit shall be made, see sections 322 (562), 523 (563), Hemingway's Code.

But counsel claims that independent of statute, equity, by its general jurisdiction, had authority to use the writ in cases of this kind, to conserve property, rather to seize property, not involved in the suit, and against which no lien or charge, nor interest is asserted in the bill. *Dean* v. *Boyd,* 86 Miss. 204, is relied on. Let us examine that case. Here the writ of sequestration was used to seize and conserve property upon which a mortgage had been given to secure money and supplies advanced for making a crop.

As to the necessity for lien, privilege or ownership, see 35 Cyc. 1390. As to the necessity for allegation of lien, see 35 Cyc. 1399; 96 N. W. (Iowa) 978; See also 50 S. W. (Texas) 638; 24 R. C. L. 783; 24 R. C. L., secs. 4, 785. The suit at bar is in the nature of an attachment. But attachments in chancery are not available except by virtue of statute. *Lumber Co.* v. *Bank,* 86 Miss. 419. The Attachment available in chancery is provided for in section 293, section 536, Hemingway's Code.

*Does the bill state a cause of action?* The demurrer says that there is no equity on the face of the bill and that no cause of action is stated. That constructive service of process is not sufficient for a personal decree awarding alimony, See: *Larson* v. *Larson,* 82 Miss. 116; 108 Tenn. (Pickle) 444; 154 U. S. 34; 11 Howard (U. S.) 437; 1 R. C. L. 884, sec. 24.

There is no obligation to furnish support to a child whose custody is granted to mother, after the divorce, no

provision having been made in the decree therefor. *Brown*
v. *Smith,* 19 R. I. 319; 30 L. R. A. 680; 33 Atl. 466; *Burritt* v. *Burritt,* 29 Barb. 130. It may be observed here
that this question is an open one in this state. But see
*Ramsey* v. *Ramsey,* 23 N. E. (Ind.) 69, *Hall* v. *Green*
(Maine), 32 Atl. 796.

A father is not liable for the support of his children
after a decree of divorce in which their custody has been
awarded to the mother. *McKay* v. *McKay,* 125 Cal. 65,
57 Pac. 677; *Washington* v. *Catlin,* 97 N. Y. 623; *Husband*
v. *Husband,* 67 Ind. 583, 33 Am. Rep. 107.

*Walton Shields,* for appellee.

The primary duty to support the children is upon the
husband. Unless modified by the decree, he may be liable
to the wife for the maintenance of their children while
they live with her and this liability continues even though
the custody is awarded her. The weight of reason and
authority is where there is a divorce and custody of the
children awarded to the mother, she can maintain an action against the husband to recover for expense incurred
by her for their support if no provision is made in the
decree therefor. 9 R. C. L., pages 479 to 486, pars. 295,
296, 297 and 301.

The same principle applies as to the obligation of the
parent to support the child as in the case of the husband
and wife. The foundation of the liability of the husband
for necessaries furnished the wife is not one of implied
agency of the wife, but is based upon her authority to do
for him what the law and his duty require him to do and
which he neglects and refuses to do. 13 R. C. L. 1188,
1189 and 1198 to 1900; 20 R. C. L. 625.

The Tennessee court had jurisdiction to grant the divorce and to award the custody of the child to the mother,
but not to render a personal decree against the father.
The jurisdiction of the chancery court in Mississippi in
matters of writs of sequestration under its inherent

equity power does not depend upon the assertion of title to or lien upon the property. See *Dean* v. *Boyd,* 86 Miss. 204, and *Lumber Co.* v. *Bank,* 86 Miss. 419. But under section 147 of the Constitution, the court below having assumed jurisdiction, appellant cannot now complain of any error or mistake as to whether the cause was of equity or common-law jurisdiction.

In this case the wife alleges that she, after having been awarded the custody of the child, was required to expend for the support of the child the sum of twenty-five dollars per month, which the defendant refused to do, and that the defendant refused to support the child. Under the authorities he is clearly liable to the wife therefor, and the case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellee, Mrs. Monnie B. Lee, a resident citizen of the state of Tennessee, in her individual capacity and also as next friend and guardian for her child, William T. Lee, Jr., filed her bill in the chancery court of Washington county against her husband, William T. Lee, Sr., a resident citizen of the said county of Washington. Leaving off the caption and the first paragraph, in which the parties complainant and defendant are stated, the bill is in this language:

"Your complainant would further charge that by a decree of a court of competent jurisdiction, to-wit, the chancery court of the Thirteenth chancery division of the state of Tennessee, complainant was granted a divorce from the defendant William T. Lee, and said defendant required to pay said complainant for the support of her minor child William T. Lee, Jr., the sum of twenty-five dollars monthly, beginning the 11th day of August, 1919, copy of which decree is filed herewith marked Exhibit A.

"Complainant charges that said monthly allowance of twenty-five dollars referred to above amounts now to the total sum of one thousand, one hundred and twenty-five

dollars and that no part thereof has been paid.  Complainant further charges that said William T. Lee, as the father of said minor child William T. Lee, Jr., is under the legal obligation to support said minor child, and said obligation has rested upon said defendant William T. Lee ever since the 11th day of August, 1919, and prior thereto, and that a reasonable sum to be paid by said William T. Lee for said purpose would be the sum of twenty-five dollars per month since said 11th day of August, 1919, and a total sum to this date of one thousand, one hundred and twenty-five dollars; that complainant charges that said defendant has not discharged his said obligation in that regard, but has willfully failed and refused so to do to any extent whatsoever, and that by reason thereof complainant has been compelled to maintain and support said child since August 11, 1919, at a cost to her of twenty-five dollars per month, or a total of one thousand, one hundred and twenty-five dollars, which is a reasonable expenditure therefor.  Complainant further charges that she was by said decree of said court given the care, custody, and control of said minor child, and now sues herein not only in her own right but as the guardian and next friend of said minor child.

"Complainant alleges that the said defendant William T. Lee is insolvent and the only property owned by him is an undivided one-seventh interest in a certain part of lot 2 of block 6 of the Third addition to the city of Greenville, in said county, being that part of said lot 2 owned by Mrs. Jennie O. Lee in her lifetime, from whom said defendant William T. Lee inherited his one-seventh interest, said property being particularly described in an exhibit hereinafter referred to, marked Exhibit-B, and having been sold and converted into cash as hereinafter alleged.

"Complainant charges that in a certain cause styled *Carrie Bell Lyle et al.* v. *Hattie Lee Hughes et al.,* being numbered 7286 on the general docket of this honorable

court, a decree was rendered by this honorable court on the 8th day of March, 1923, appointing defendant B. F. Wasson, Jr., a commissioner to sell at public outcry to the highest bidder for cash, or one-fourth cash and the remainder payable in one, two, and three annual install- ments, at the south door of the courthouse of said county on the 28th day of April, 1923, between the hours of 11 o'clock a. m. and 4 o'clock p. m., the entire part of said lot 2 owned by said Jennie O. Lee in her lifetime, and on which she resided, said cause 7286 being a partition suit for the partition of said land of said Jennie O. Lee be- tween the heirs of said Jennie O. Lee, said W. T. Lee being a party defendant to said suit. Complainant charges that said defendant Ben F. Wasson, Jr., gave no- tice according to law as such commissioner that he will make said sale on said 28th day of April, 1923, in ac- cordance with the terms of said decree, said decree pro- viding a minimum price of seven thousand dollars at said sale. Complainant charges that said defendant Ben F. Wasson, Jr., made said sale at said time and place and sold said property for seven thousand, one hundred dol- lars cash, and is now proceeding to have same confirmed and will then distribute to said defendant W. T. Lee his one-seventh share of the proceeds of said sale, amounting to nine hundred and fifty dollars in cash, after paying all costs, which will then be delivered to and con- cealed in this state by said W. T. Lee, so as to be beyond the process of this court, or will be transferred by said W. T. Lee so as to defeat the rights of the complainant, who is without adequate remedy at law to enforce her rights herein against said W. T. Lee.

"Therefore complainant prays that summons issue to said defendants, commanding them to appear and plead, answer, or demur to this bill, answer under oath being waived, at the June rules of this court, and that pending the said payment of said proceeds of said sale, nine hun- dred and fifty dollars cash, by said B. F. Wasson, Jr., as such commissioner, to said W. T. Lee, a writ of sequestra-

tion be issued for the purpose of an impounding of the said property, to-wit, said nine hundred and fifty dollars cash, the proceeds of said sale in the hands of or coming into the possession of the said B. F. Wasson, Jr., commissioner, belonging to said W. T. Lee and holding subject to the final decree of this court, and that on final hearing a decree be recorded in favor of complainant individually, or as guardian and next friend of said minor, against said W. T. Lee as prayed for herein in the sum of one thousand, one hundred and twenty-five dollars, and that the said property so impounded by said writ of sequestration be by this court fixed as a fund out of which said decree shall be paid to the extent it will do so, and for such other, further, and special relief as to equity belongs.''

The affidavit required by statute for a writ of sequestration was made, and the writ issued and served as prayed for in the bill. Appellant demurred to appellee's bill and also made a motion to quash said writ of sequestration, which demurrer and motion were overruled by the trial court, from which decree appellant was granted an appeal to settle the principles of the cause.

Appellant contends that appellee's bill states no cause of action against him because under the law since appellee was awarded the custody of their child, said William T. Lee, Jr., it was her duty to support the child, and not his duty; that the decree of the Tennessee court, divorcing appellant and appellee and requiring appellant to contribute twenty-five dollars per month for the support of the said child, being based alone on publication of notice to appellant as a nonresident defendant, is void as to that feature requiring the support of the child by appellant. The appellee concedes appellant's position with reference to the decree for support, but contends that, nevertheless, the law is that where the decree of divorce awards the custody of minor children to the wife but makes no provision for their support, it is still the duty of the father to support them, and, if under those

circumstances the mother furnishes the support, the father becomes her debtor to that extent, for which she may recover against him.

There is some authority to the contrary, but the weight and the better reasoned authorities sustain appellee's contention. The principle that where a father is deprived of the custody, society, and services of his child there is no liability on his part to furnish it a support, has no application to a case where the court granting the divorce has adjudged the father either unfit, or the mother more fit than he, to have the custody of the child. Certainly the father should not be relieved from the support of this child under the one or the other of those circumstances. 9 R. C. L., pp. 479 to 486, inclusive, pars. 295, 296, 297, and 301. We would not be understood as holding that there rests the absolute duty upon the father, under any and all circumstances, to support his children whose custody has been awarded to the mother in the decree of divorce, but we do hold that under such circumstances the common-law duty rests upon him to support them, unless there is some reason shown to the court why he should be relieved from that obligation. The principle involved is clearly stated in *Ramsey* v. *Ramsey,* 121 Ind. 215, 23 N. E. 70, 6 L. R. A. 682.

Appellee's bill states a case against appellant which requires an answer. Unless there is some reason known to the law shown why appellant should not have supported his child for the period from the date of the divorce decree in Tennessee and the filing of the bill in this cause, appellee is entitled to recover from him whatever sums have been necessarily expended by her in that behalf.

Appellant contends that the gravamen of appellee's bill is exclusively of legal and not equitable cognizance. Therefore the court below was without jurisdiction and the writ of sequestration ought to have been quashed and appellee's bill dismissed. Under section 147 of the Constitution an appeal to settle the principles of the cause does not involve the question of jurisdiction as between

the circuit and chancery courts. That section of the Constitution provides in substance that no judgment or decree in a chancery or circuit court, rendered in a civil cause, shall be reversed on the ground of want of jurisdiction to render such judgment or decree because of a mistake as to whether the cause is of equity or common-law jurisdiction. The chancery court assumed jurisdiction of this cause and, if in doing so it erred, there being no other error in the case, still the cause cannot be reversed on that ground alone. This question is ruled by *White* v. *Willis,* 111 Miss. 417, 71 So. 737. The question arose in that case exactly like it did in the present case.

Appellant assigns further as error the action of the court in overruling appellant's motion to quash the writ of sequestration. Appellee was appellant's creditor. She sought by her bill to enforce payment of her indebtedness. Appellee alleged that appellant was execution proof except in so far as the fund in court derived from the sale of the property in which appellant had an interest, which would soon be distributed to the parties entitled thereto.

Section 539, Code of 1906 (section 296, Hemingway's Code), provides for writs of sequestration for personal property in cases of attachments in chancery ''as in other cases.'' And section 562, Code of 1906 (section 322, Hemingway's Code), provides that when a bill is filed in chancery, in reference to personal property, upon the making of the affidavit and bond required therefor, a writ of sequestration shall issue. And section 553, Code of 1906 (section 313, Hemingway's Code), the statute authorizing a creditor's bill before judgment and *nulla bona* execution, provides, among other things, that upon the filing of such a bill a writ of sequestration or injunction, or both, may be issued upon like terms and conditions as such writs may be issued in other cases, etc.

Independently of statute, a court of equity has jurisdiction when appropriate to issue a writ of sequestration for the seizure and preservation of personal property

so that it may be subject to any final decree that shall be rendered in the cause. *Dean* v. *Boyd,* 86 Miss. 204, 38 So. 297; *Lumber Co.* v. *Bank,* 86 Miss. 419, 38 So. 313. In discussing the office of the writ of sequestration, it said in 24 R. C. L. section 23, p. 785, among other things:

"The writ has been employed in this country both by the federal and state courts having chancery jurisdiction. It is used as a mesne process of attachment to create a lien on property of every description, or against a person in contempt, and also as a judicial writ, resembling an execution at law, to secure performance of a decree and to preserve the property pending suit."

We are of opinion that appellee was entitled to the writ of sequestration to impound and hold, until final decree of the court, the only assets belonging to appellant within the jurisdiction of the court.

*Affirmed and remanded.*

Smith, C. J. (dissenting).

I concur in what is said in the opinion in chief, except that on the motion to quash the writ of *supersedeas,* and am of the opinion, in which Judges Cook and Sykes concur, that the court below erred in not sustaining that motion. The claim sued on is a pure legal demand and the appellee does not and could not successfully assert any claim to or lien on the money which has come into the hands of Wasson, commissioner, by virtue of the sale by him of the property in which the appellant has an interest, consequently the case is not one wherein a writ of sequestration is authorized.

It is said in 35 Cyc. 1390, 1392, and 1399, with the support of a practically unbroken line of authorities, that:

"Inasmuch as the writ of sequestration, unlike attachment, is designed to protect a specific right of property, it is not available at the instance of an ordinary creditor, but issues only on the prayer of one claiming title to the

property sought to be sequestered or asserting a lien or privilege upon it. . . .

"The distinguishing characteristic of the sequestration process as a conservatory writ is that it issues only to protect a claimant who asserts either title to the property sought to be sequestered or a lien or privilege upon it. . . .

"Since the writ of sequestration, unlike that of attachment, issues in this class of cases only in behalf of petitioners who assert title sought to be taken into judicial custody, or a lien or privilege upon it, the affidavit for the writ should explicitly aver either ownership in plaintiff or a lien giving a special property right."

The cases of *Dean* v. *Boyd,* 86 Miss. 204, 38 So. 297, and *Lumber Co.* v. *Bank,* 86 Miss. 419, 38 So. 313, are not authority for the issuance of the writ "for the seizure and preservation of personal property so that it may be subject to any final decree that shall be rendered in the cause," in the absence of an assertion by the party at whose instance the writ is issued of an interest in or lien on the property. In *Dean* v. *Boyd* the writ was issued on the request of Boyd for the seizure of cotton on which he claimed and sought to assert a lien. *Lumber Co.* v. *Bank,* was an attachment in chancery under section 486, Code of 1892, in which the issuance of writs of sequestration are expressly authorized by section 489, Code of 1892, now section 539, Code of 1906 (section 296, Hemingway's Code). The scope of the writ of sequestration was not enlarged by section 562, Code of 1906 (Hemingway's Code, section 322), which provides that "when a bill is filed in the chancery court in reference to personal property" a writ of sequestration may issue. *Dean* v. *Boyd,* 86 Miss. 204, 38 So. 297. In order to be "in reference to personal property," a suit must be for the purpose of asserting some right to or interest in the property itself. Section 553, Code of 1906 (section 313, Hemingway's Code), has no sort of application here, for the scheme there set forth is for the purpose of enabling

creditors to attack fraudulent conveyances, and no such conveyance is here alleged to have been made.

No question as to the propriety of the issuance of a writ for the impounding of money in the hands of a commissioner, appointed in another cause for the purpose of selling property, is raised by counsel for the appellant, and consequently has not been considered by the court.