BOYETT *v.* BOYETT.[*]

(Division B. Dec. 3, 1928. Suggestion of Error Overruled Dec. 22, 1928.)

[119 So. 299. No. 27491.]

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 641, p. 749, n. 38; 4CJ, section 3122, p. 1130, n. 61; Equity, 21CJ, section 7, p. 32, n. 72; section 10, p. 33, n. 88; Husband and Wife, 30CJ, section 672, p. 952, n. 90; section 871, p. 1076, n. 1; section 877; p. 1079, n. 47; Parent and Child, 46CJ, section 35, p. 1258, n. 6; Trial, 38Cyc, p. 1291, n. 1.

204

*Cowles Horton,* for appellant.

*J. W. Conger,* for appellee.

Argued orally by *Cowles Horton,* for appellant, and *J. W. Conger,* for appellee.

ANDERSON, J.    The appellant went to Chicago about the 1st of November, 1926.   The appellee, as we understand the record, never finally refused to go to appellant in Chicago, and make her home there with him, until about the 1st of June, 1927.   During that period of seven months it was the duty of appellant to support appellee and their child.   The chancellor found, in his decree, that fifteen dollars per month would be a reasonable amount to require appellant to furnish appellee for her support, and twelve dollars and fifty cents per month for the support of their child.

We see no reason why the decree of the chancellor should have been different except as to the maintenance of appellee after June 1, 1927.   After the 1st of June, 1927, under the evidence in this case, appellee was entirely without justification in refusing to join her husband and make her home with him in Chicago.   Her excuse was that she did not love him, and preferred to live in Mississippi.   Under the law, after that refusal on her

part, appellant was under no duty to afford her a separate maintenance.

It follows from these views that the decree of the chancellor is affirmed, so far as the allowance for the support of the child is concerned, and for appellee's support for the seven months beginning November, 1926, and ending with the month of May, 1927; but the decree is reversed as to any allowance to appellee after the latter date.

Decree will therefore be entered here against appellant in accordance with this opinion.

Affirmed in part and reversed in part, and decree here.

*Affirmed and reversed.*

### On Suggestion of Error.

ETHRIDGE, P. J. In the suggestion of error filed, the appellant insists that the decision in this case is in conflict with the case of *Rawlings* v. *Rawlings,* 121 Miss. 140, 83 So. 146, 7 A. L. R. 1259.

We are of the opinion that the present case is distinguished from the *Rawlings case, supra,* in many respects. In order to fully set forth the distinctions it will be necessary to make a more detailed statement of the facts with reference to the origin of that suit.

Mrs. Goldy Boyett filed her bill in the chancery court, setting forth that W. C. Boyett is a nonresident of the state, living in the city of Chicago, Ill., and is employed by the Illinois Central Railroad Company, a railroad corporation doing business in Mississippi, and that the said railroad company is indebted to him for money due for labor, and money will become due hereafter. She also alleged that, although Boyett was a nonresident, he was, at the time of the filing of the bill, within the jurisdiction of the court, and that personal service could be had upon him, and the bill was filed, and such service obtained, and the railroad company was also served as a defendant.

Thereafter Boyett filed his answer in the chancery court, not pleading the want of jurisdiction in the court

to try the suit, and not making any motion to transfer the cause to the circuit court, but submitting to the jurisdiction of the court, and setting up as his defense to the suit that he moved to the city of Chicago that he might be better able to earn a living and support for his wife and child. He denied that he had deserted them, and expressed a desire and willingness that they should live with him in the city of Chicago, and that complainant has no cause of action against him, because of her refusal to move from Mississippi to the city of Chicago, in the state of Illinois, and live with him there.

The bill filed by the complainant is authorized by sections 307 and 308 of Hemingway's Code 1927, sections 536 and 537, Code of 1906. Under these sections, a resident of the state of Mississippi can file a suit in chancery, and impound debts or property belonging to a nonresident defendant. This is a statutory jurisdiction, and does not come under the general equity jurisdiction conferred by the Constitution; and it has been sustained as being constitutional.

Another distinction is that the suit of *Rawlings* v. *Rawlings, supra,* was filed by a child against its parent, asserting its own right against the parent for a support, and seeking a judgment against the parent for that purpose. The court held that the child had no right or capacity to maintain the suit against the parent.

In the present suit the wife files a bill for her own support, and also for an allowance for the support of her infant child, less than three years of age at the time of filing suit, and the child has remained in her custody from the time the father went to Chicago to obtain work.

By section 159 (Constitution 1890) constitutional jurisdiction is conferred on the chancery court of a number of subjects in addition to general equity jurisdiction, clause B of which section gives full jurisdiction of divorce and alimony, and clause D of minors' business. See *Cadenhead* v. *Estes,* 134 Miss. 569, 99 So. 361.

It is true that no divorce was sought in the present proceeding, but the right of the wife to bring the suit in the chancery court is fully sustained by the cases of *Garland* v. *Garland,* 50 Miss. 694; *Verner* v. *Verner,* 62 Miss. 260; and *McFarland* v. *McFarland,* 64 Miss. 449, 1 So. 509.

By express provision of statute, husband and wife may sue each other. Hemingway's Code 1927, section 2186; Code 1906, section 2518.

In *Watts* v. *Smylie,* 116 Miss. 12, 76 So. 684, it was held that the father's duty was to support his minor child; it was also held that, in the absence of such support by the father, it devolved upon the mother to support the child, but that she is not primarily liable therefor. See *Lee* v. *Lee,* 135 Miss. 865, 101 So. 345.

Section 162 of the Constitution provides that all cases which may be brought in the chancery court, whereof the circuit court has exclusive jurisdiction, shall be transferred to the circuit court.

Section 163 of the Constitution directs that the legislature shall provide by law for the certification of cases that may be transferred to or from any chancery court or circuit court, for reformation of pleadings, in case of transfer.

By section 147 of the Constitution, it is provided that no judgment or decree in any circuit or chancery court rendered in a civil case shall be reversed or annulled on the ground of want of jurisdiction to render the judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but, if the supreme court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the supreme court may remand it to that court which, in its opinion, can best determine the controversy.

As stated above, no plea was filed as to the jurisdiction of the chancery court to entertain any part of the present

suit, and no motion was made to transfer the suit, or any part of it, to the circuit court. We think that the suit was properly decided as to the child's support, and that there was no error in regard thereto, and it is entirely immaterial whether judgment was rendered in the circuit court or the chancery court, under the last section named, and under the decision of *Lee* v. *Lee, supra.*

A child of the age of the one involved in this suit would not be taken from the custody of the mother, except for grave misconduct on her part, rendering her entirely unfit to have the care and custody of the child. No proceeding, however, was taken by the husband to obtain custody of the child; but his whole defense was to avoid the payment of the money adjudged against him.

The reporter will officially report both this opinion and the one first rendered.

The suggestion of error will therefore be overruled.

*Suggestion of error overruled.*