RUSSELL *v.* RUSSELL.

(Division A.    May 21, 1934.)

[154 So. 881.    No. 31231.]

Dunn & Snow, of Meridian, for appellant.

**C. B. Cameron,** of Meridian, for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellee, Mrs. Eva Russell, sued her husband, Grover C. Russell, for divorce and alimony and for the custody of their only child, an infant. On the hearing of that cause a decree was entered dissolving the bonds of matrimony and awarding the appellee the custody of the child, fifty dollars per month as permanent alimony, fifteen dollars per month for the support of the child, and an attorney's fee. From that decree an appeal was prosecuted, and on April 16, 1930, while that appeal was

pending in this court, the appellee filed a motion for an allowance of attorney's fees in this court, and for alimony and support of the child pending the appeal. In the decision of that cause, which is reported in 157 Miss. 425, 128 So. 270, it was held that, while the evidence showed that the husband was not without fault, and that he had been guilty of rudeness and harsh treatment of such character as to render the wife unhappy and her marital bond irksome, it did not amount to such habitually cruel and inhuman treatment as would entitle the the wife to a divorce. It was held, however, that the appellee was entitled to a fee for her attorney and to alimony and an allowance for the support of the child pending the appeal to this court, and this alimony was fixed at sixty-five dollars per month while the appeal was pending, beginning with the date of the filing of the appeal bond, this amount to cover also the support of the child. Upon the filing of the mandate of this court in the court below, the said husband paid to appellee the full amount allowed for alimony and support of the child pending the appeal in this court.

In the meantime, and while the appeal was pending, the said child became very seriously and critically ill, and upon the advice of a physician was removed to a hospital for care and treatment. The child continued critically ill for some time and this illness resulted in the accumulation of bills for medicine, and for hospital, physician, and nurses' fees, amounting to four hundred thirty-three dollars and eighty-five cents. On the 17th day of April, 1930, the day after the motion was filed in this court for an allowance for alimony and support of the child pending that appeal, the child was removed from the hospital and the bills for the above amount, four hundred thirty-three dollars and eighty-five cents, were paid by the appellee. Thereafter she sued her husband in the county court of Lauderdale county seeking

to recover from him the said sum of four hundred thirty-three dollars and eighty-five cents alleged to have been necessarily expended in saving the life of the child. Upon the proof the county court peremptorily instructed the jury to return a verdict for the appellee for the sum sued for, and on appeal to the circuit court the judgment of the county court was affirmed. From the judgment of affirmance in the circuit court the present appeal was prosecuted.

In the county court, as a defense to the suit, the appellant set up as notice under his plea of the general issue, in substance, that he was not liable for said sum, for the reason that the appellee, without just or reasonable cause, separated herself from him, and without his knowledge or consent took with her the said child; that the appellee had rejected his efforts to effect a reconciliation; that the expenses incurred in connection with the illness of the child were unnecessary; that the appellee was and is an ablebodied woman fully able to nurse and care for the child, and that this court had adjudicated that the appellant's conduct in the home was not such as to justify a separation or to entitle the appellee to the exclusive custody and control of said child. The appellant also filed a supplemental notice under the general issue, alleging, in substance, that the expenses sued for were incurred and paid by appellee while the former appeal was pending in this court and before the allowance for alimony and for support and maintenance of the child pending that appeal, and that, therefore, the said allowance was res adjudicata as to the amount due by the appellant for the support and maintenance of the child.

On motion the county court struck from the original notice under the general issue all reference to the original suit between the parties and to the alleged efforts of appellant to effect a reconciliation, and also struck out

all of the supplemental notice purporting to set up the defense of res adjudicata.

The uncontradicted proof established the fact that the expenses incurred in connection with the serious illness of appellant's child were reasonable and were necessary for the preservation of the life of the child. On appeal two questions are argued: First, was the father relieved of the duty of paying these expenses by reason of the fact that the wife separated from him and took the custody of the child for reasons which were insufficient to entitle her to a divorce? Second, was the allowance for the support of the child during the pendency of the appeal in the divorce proceedings res adjudicata of the wife's claim for this unusual and extraordinary expense incurred during the pendency of that appeal?

On the first question stated above, the cases of Lee v. Lee, 135 Miss. 865, 101 So. 345, 346, and Boyett v. Boyett, 152 Miss. 201, 119 So. 299, 301, are controlling. In the Lee case, supra, in sustaining the contention that, where a decree of divorce awards the custody of minor children to the wife, but makes no provision for their support, it is still the duty of the father to support them, and if, under these circumstances, the mother furnishes the support, the father becomes her debtor to that extent, for which she may recover against him, the court said: "There is some authority to the contrary, but the weight and better reasoned authorities sustain appellee's contention. The principle that where a father is deprived of the custody, society, and services of his child there is no liability on his part to furnish it a support, has no application to a case where the court granting the divorce has adjudged the father either unfit, or the mother more fit than he, to have the custody of the child. Certainly the father should not be relieved from the support of this child under the one or the other of those circumstances. 9 R. C. L., pp. 479 to 486, inclusive, pars. 295,

296, 297, and 301. We would not be understood as holding that there rests the absolute duty upon the father, under any and all circumstances, to support his children whose custody has been awarded to the mother in the decree of divorce, but we do hold that under such circumstances the common-law duty rests upon him to support them, unless there is some reason shown to the court why he should be relieved from that obligation.''

In Boyett v. Boyett, supra, the wife, without justification, refused to reside with her husband in a home provided for her, and it was held that she was not entitled to an allowance for separate maintenance of herself, but was entitled to an allowance for the support of her infant child, the court saying:

''We think that the suit was properly decided as to the child's support, and that there was no error in regard thereto, and it is entirely immaterial whether judgment was rendered in the circuit court or the chancery court, under the last section named, and under the decision of Lee v. Lee, supra.

''A child of the age of the one involved in this suit would not be taken from the custody of the mother, except for grave misconduct on her part, rendering her entirely unfit to have the care and custody of the child.''

In the case at bar, that the mother was a fit person to have the custody and care of the child, which at the time the expenses here involved were incurred was less than two years old, is not questioned. That the father, circumstanced as he was, was not a proper person to have the custody and care of the infant, is clear from the record. In the suit for divorce, as well as in the case at bar, the evidence shows that the father was a railroad man actively engaged in the operation of trains, and that as a consequence he was on the road in the daytime and spent only every other night in his home in the city of Meridian. Under these circumstances the custody of the

child was properly with the mother, and the fact that the mother left the home on account of conduct of the husband toward her, which, within the meaning of our statute and the decisions of this court construing the statute, was insufficient to constitute such habitually cruel and inhuman treatment as to entitle her to a divorce, did not relieve the father of the obligation to support his infant child.

In support of his contention that the allowance made in the divorce proceedings for support of the child pending the appeal therein is res adjudicata herein, the appellant relies on that line of cases from this court represented by Hardy v. O'Pry, 102 Miss. 197, 59 So. 73, and Bates v. Strickland, 139 Miss. 636, 103 So. 432, holding that "where a court has jurisdiction of the subject-matter and the parties in interest, its judgment is not alone res adjudicata of the questions specifically presented by the pleadings, but is also res adjudicata of all questions necessarily involved and which could have been presented."

Upon a motion for alimony and support of a child pending an appeal in a divorce proceeding, only the normal, usual, and average expenses can ordinarily properly be determined. Such a motion does not contemplate expenses incurred on account of a severe, unforeseen, protracted, and near fatal illness of the child, liability for which is properly cognizable in a court of original jurisdiction where the husband may present such defense as he may have. In the divorce proceedings between these parties the appellee secured an allowance for the usual and ordinary expenses of the child by reference in the motion to the evidence in the record in that cause showing what was proper and necessary for that purpose. These unusual and extraordinary expenses were not within the contemplation of the court at the time of the allowance of support and maintenance. At the time the

motion was filed in this court the husband was primarily liable to third parties for these expenses, but before the allowance was made the wife paid these expenses, and thereby, in the absence of any sufficient ground of relief from such obligation, made the husband her debtor therefor. Upon this accrued obligation, the allowance by this court was not res adjudicata, and the wife was entitled to maintain a separate action therefor in a court of law. We think the judgment of the court below was correct, and therefore it will be affirmed.

Affirmed.