## Vaughan *v.* Vaughan, et al.

No. 39811          December 12, 1955          83 So. 2d 821

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson, for appellant.

*Elmer Canfield*, Purvis; *Currie & Currie*, Hattiesburg, for appellees.

LEE, J.

This litigation arose in the Chancery Court of Forrest County on petition of Billy Charles Vaughn and Sylvia Ann Vaughn Hubbard, minors of the age of 19 and 17 years, respectively, by their guardian, E. C. Fishel, and Mrs. Mildred Little against W. E. Vaughn and another. The bill charged that the minors were the owners

of a certain parcel of real estate in the City of Hattiesburg, as described therein, which was deeded to them by their father, W. E. Vaughn; and that there was confusion between the granting and habendum clauses of the deed. On that account, they prayed that the deed should be reformed so as to convey the full title to the property; and, as reformed, the property, for their best interest, should be sold and the proceeds divided between them. Mrs. Little, as one of the complainants, sought to recover from the defendant Vaughn expenditures which she had made for necessaries for the minors during the preceding seven years, as set out and itemized in the petition. The original bill was sworn to by E. C. Fishel as guardian; but after the pleadings had been amended, it was sworn to by all of the parties complainant and the guardian.

The defendant Vaughn filed motions to dismiss on the ground that the guardian had no authority to bring the suit, and to set aside the decree appointing him because the defendant had no notice thereof, and on account of the alleged failure to comply with Sections 404, 443 and 445, Code of 1942, and because the selection of the guardian was void. His answer denied the allegations of the amended bill, and pled that Mrs. Little should not be permitted to join as a party in the proceeding.

At the conclusion of the hearing, the court overruled the defendant's several motions, reformed the deed and ordered the property sold, and awarded Mrs. Little a decree for the sum of $8,414.21. From the decree entered Vaughn appealed.

Mrs. Mildred Little, nee Vaughn, and W. E. Vaughn were married in 1934. Two children, Billy Charles and Sylvia Ann, were born to the marriage. A separation occurred, and a decree of divorce was entered in the Chancery Court of Forrest County on October 8, 1943. Custody of the children was awarded to their mother,

who, in May 1944, married a man by the name of Little, and they, together with the children, then 8 and 6 years of age, respectively, continued to live in the house until they moved to Monroe, Louisiana, in August following. Sylvia Ann is now married and Billy Charles, who has finished high school, wished to go to college. It was for these reasons that they desired to sell the property.

The final decree in question also provided for alimony in the sum of $100.00 per month for the support of Mrs. Vaughn and the children. After a recitation that "the court having been advised that a property settlement has been arranged between the parties, by their respective counsel", it directed that Vaughn deed the property here involved to the two children, keep the same repaired, pay the installments thereon as they became due, together with the cost of utilities, and necessary hospital and medical bills. There was a further provision therein that, in event of Mrs. Vaughn's remarriage, the care and custody of the children would automatically be transferred and awarded to their father, and that the children should keep their permanent residence in the jurisdiction of the court.

On the same date, October 8, 1943, W. E. Vaughn conveyed and warranted to the two children the property here involved. The deed recited that it was made "in partial discharge of the obligation I owe as their father for their maintenance, support and education and is to be considered as a partial fulfillment of the orders of the court contained in the decree in cause No. 9686 * * * this day entered." The deed also contained the following provision: "It is understood that if either of the children should die without issue its share shall pass by purchase to the other one and in the event that both should die without issue the title thereto shall revert to the grantor herein."

Vaughn paid the $100.00 a month until his wife's second marriage. He then stopped his payments, and

his subsequent contributions to the children have been small and only occasional.

According to the testimony of Mrs. Little, after her second marriage, Vaughn came out to the house, shook hands with Little, told him the children were hers, said that he did not want to take them from her, and hoped that Little would be a better father to them than he had been. It was a short time later that the family moved to Louisiana.

Mrs. Little testified to the necessity and correctness of the expenditures for which she sought recovery. Vaughn did not dispute her evidence in any particular. As a matter of fact, he did not even testify.

■■ ■ At the time of the appointment of the guardian, the minors were both over the age of 14 years. Their property was in Forrest County though they were actually living in Louisiana. The chancery court, of course, had the power to appoint a guardian of their estates, and, under Section 404, Code of 1942, to allow them "to select a guardian, by petition to the court, signed and acknowledged before the clerk or a justice of the peace, and duly filed". This section also provides as follows: "And when any minor shall reside out of this state, and own property, real or personal, in this state, the chancery court of the county in which the property may be, may appoint a guardian for such minor; and if the minor be over fourteen years of age the selection of guardian may be made before a clerk of a court of record of the state or county of his residence, and a certificate of such clerk, under his seal of office, shall be received as evidence of the selection."

■■ ■ The above manner of selection is not exclusive. It may be made in that manner. Actually the minors made their selection before a notary public in Ouachita Parish, Louisiana. This was sufficient because under Section 1660, Code of 1942, the notary public was authorized to administer oaths. Compare Parker v. Mc-

Caskey Register Co., 177 Miss. 347, 171 So. 337. In addition, both of the minors testified orally in this hearing, and by so doing, they ratified their previous selection. Consequently the appointment of the guardian was a substantial compliance with the law, and the alleged error in this respect is without merit.

No guardian of the estates of these minors had been previously appointed by any court. Therefore Sections 443 and 445, Code of 1942, have no application.

It is argued that the court erred in holding that the appellant had no interest in the land, and in reforming the deed and ordering the property sold. It is said that the court was without authority originally to direct the appellant to convey the property to the children, and that such decree was utterly void under McCraney v. McCraney, 208 Miss. 105, 43 So. 2d 872. In that case the court, in allowing alimony, divested the husband of the title to his property and vested the same in his wife. He appealed, and this Court held that there was no authority for such an order.

In Duvall v. Duvall, (Miss.) 80 So. 2d 752, the complaint on cross-appeal was that the court erred in making a division of one-half of the personal property to Mrs. Duvall. There the Court had jurisdiction of the subject matter and the parties. It appeared that Duvall consented to the division. The Court, in a thorough discussion of the jurisdiction of the chancery court epitomized its decision in this pithy statement: "What we do hold may be narrowed to this: That the court had jurisdiction of the suit, and within the sphere of its jurisdictional power it entered a decree at the instance and request of both parties; and in this situation neither party may be heard to say on appeal that the decree is invalid. 4 C.J.S., Appeal and Error, Sec. 213." It was expressly stated in the opinion that the decision was not at variance with McCraney v. McCraney, supra.

In the case here, the decree recited that "the court having been advised that a property settlement has been arranged between the parties by their respective counsel" and then ordered the execution of the deed to the children. Vaughn not only did not appeal from that decree, but, on the same day, he executed and delivered the deed. Obviously this was, to all intents and purposes, a consent decree, and he can not now complain about it.

█ █ The deed conveyed and warranted the property to the children in partial discharge of the grantor's obligation to support, and yet, by the subsequent limitations as written therein, he practically nullified his professed high purpose. The children had the use of the property as a place to live for less than a year. Through all of the intervening years, their father either used it himself or utilized the rents for his own purpose. If the court had not reformed the deed, a sham and pretense would have been substituted for an otherwise good faith conveyance. The court was manifestly correct in reforming the deed and in ordering and confirming the sale. Jones v. Hickson, 204 Miss. 373, 37 So. 2d 625.

█ █ Appellant assigns and argues that it was error for the court to grant a decree against him on account of expenditures made by Mrs. Little. In Lee v. Lee, 135 Miss. 865, 101 So. 345, this Court held that where a decree of divorce awarded the custody of minor children to the wife, but made no provision for their support, the father was still under the duty to support them, unless there was some reason, under the law, to relieve him; and where there was no reason therefor, and the mother furnished their support, the father became her debtor to that extent, and she could recover such debt from him. See also Boyett v. Boyett, 152 Miss. 201, 119 So. 299; Schneider v. Schneider, 155 Miss. 621, 125 So. 91; Russell v. Russell, 170 Miss. 364, 154 So. 881.

As stated, the appellant, under the original decree, was required to pay $100.00 a month for the support of

his wife and the two children. Of course after her second marriage, he was no longer liable to contribute anything for the support of Mrs. Little, but he was still under obligation to contribute to the support of the children. But his contribution was limited and only sporadic. ■■ ■ The allegations and proof showed that the sum for which judgment was rendered was expended by Mrs. Little for necessary food, clothing, school supplies, taxes, and medical, dental and hospital bills. The father was liable for such expenditures. They were established with reasonable certainty and correctness, Vaughn did not dispute them, and there was no plea of the statute of limitations in bar of any part thereof.

There was no valid basis for the appellant's charge that Mrs. Little took the children out of the state in violation of the terms of the decree of the court. The proof showed that the father, in effect, released his right to claim their custody; that he visited them on many occasions and knew where they were; that he went to Louisiana and took them to Hattiesburg on several occasions in his automobile; that he then returned them to their mother's place of abode; and that Sylvia Ann actually attended school for one full session and a part of another in Hattiesburg and lived with her father at the time.

No doubt the reason why Mrs. Little chose to include her claim in this proceeding stemmed from the fact that the divorce, the monthly alimony, and the deed were all dealt with in the original suit. The amount of the monthly support was not designated to the beneficiaries in specific amounts. She married again about six months later. For that reason contempt proceedings for failure to pay, were not in order under those circumstances. Besides, a question could have arisen as to the extent to which the conveyance of the property satisfied the payment of the support money which it mentioned. Thus

it was judicious for her to bring her action in the chancery court and in the same action to sell the land.

No reversible error appears in the record and the cause is therefore affirmed.

Affirmed.

*Hall, Kyle, Ethridge* and *Gillespie,* JJ., Concur.