LIDE v. LIDE.

(Division A.   April 28, 1947.)

[30 So. (2d) 51.   No. 36449.]

Cecil A. Rogers, of Meridian, for appellant.

Snow & Covington, of Meridian, for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court.

The parties hereto were formerly husband and wife, and had only one child. In November 1944, the court below rendered a decree dissolving the bonds of matrimony between them, gave the custody of the child, then five years old, to the appellee, its mother, "with the right of the defendant (the appellant here) to see the child at such time it is suitable and convenient; and the complainant (the appellee here) is awarded the sum of ten dollars ($10) per week beginning November 22, 1944, for the support of said minor child . . ." On the second day of March, 1945, another order was entered reducing the amount to be paid by the appellant for the support of the child at $7.50 per week, beginning March 3, 1945, and payable to the Chancery Clerk of Lauderdale County, Mississippi, instead of to the complainant, the appellee here.

The appellant paid this money to the chancery clerk in accordance with this decree for some time, but discontinued doing so, and in October 1945, filed a petition in the court below alleging that the appellee had not complied with the provision of the divorce decree permitting him to see the child. In May 1946, and while the appellant's petition for the citation of the appellee for contempt was pending, the appellee also filed a petition in the court below, alleging failure of the appellant to pay the weekly allowance by the court for the support of this minor child, and praying that he be held in contempt of court therefor. Neither of these petitions was answered; but no point is here made thereon, and they were tried together below in June 1946.

There was a conflict in the evidence as to whether or not the appellee had complied with the provision of the divorce decree permitting the appellant to see the child. The appellant admitted failing to make the weekly payments for the child's support, admitted his ability to make them, but said that he discontinued doing so on the advice of his counsel for the reason that the appellee herself had failed to comply with the provision of the decree as to being permitted to see the child. At the close of the evidence, the court rendered a decree ''that petition as to Mrs. Lorene Lide be & is dismissed & B. C. Lide is ordered to make his payments for support of minor child of the parties from Oct. 31st 1946 current within 30 days from this date or be confined in the county jail of this county until he so does,'' thereby holding that appellee had complied with the provisions of the divorce decree and was therefore not in contempt of court. B. C. Lide, the husband and father, appeals.

It is the duty of a father to support his minor child even though it is not in his custody but that of the mother, and when granting a divorce, Section 2743, Code of 1942, permits the chancery court to fix the amount which the father must pay for the support of the minor children of the parties thereto, and which the father must thereafter pay in accordance with the decree or become liable for contempt of court in not so doing. He is not relieved therefrom because of any misconduct of the child's mother, though the court granting the divorce has the power to render a new decree conforming to the requirements of changed circumstances.

The appellant's claim that he is not subject to a proceeding for contempt of court for not complying with the requirement of the divorce decree, that he make weekly payments of $7.50 to the chancery clerk for the support of the child, for the reason that the appellee, the mother and custodian of the child, had herself failed to comply with another requirement of that decree is not supported by the case of Williams v. Williams, 167

Miss. 115, 148 So. 358, 88 A. L. R. 197. In that case the ex-wife was not permitted to complain of her ex-husband's failure to pay alimony allowed her in a divorce decree, for the reason that she herself had not complied with some of its requirments. What the appellee here is trying to do, is not to coerce the payment of alimony allowed to her, but the payment of money allowed in the divorce decree, not for her support, but for that of the child. Moreover, the appellee was here adjudged not to be in contempt of court, and, therefore, not to have violated the divorce decree.

Affirmed.