STATE OIL & GAS BOARD *v.* SUPERIOR OIL Co. *et al.*

(In Banc.   May 19, 1947.   Suggestion of Error Overruled October 13, 1947.)

[30 So. (2d) 589.   No. 36488.]

ON SUGGESTION OF ERROR.

(In Banc.   October 13, 1947.)

[32 So. (2d) 200.   No. 36488.]

Greek **L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, and **R. L. Livingston,** of Prentiss, for appellant.

Wells, Wells, Newman & Thomas, of Jackson, and **W. B. Wagner, Elmer Patman, Murray Christian** and **William J. Craig, Jr.**, all of Houston, Tex., for appellees.

Wells, Wells, Newman & Thomas, of Jackson, and **W. B. Wagner, Elmer Patman, Murray Christian** and **William J. Craig, Jr.,** all of Houston Tex., for appellees, on suggestion of error.

Argued orally by **Paul Farr, R. G. Livingston** and **Geo. H. Ethridge**, for appellant, and by **W. N. Ethridge** and **Elmer Patman**, for appellees.

**Griffith J.**, delivered the opinion of the court.

On August 30, 1945, the State Oil and Gas Board, acting under Sections 6132-6179, Code 1942, made an order, entered on its minutes, ''that every gas well or gas condensate must be located on 320 surface contiguous acres''. On or about July 15, 1946, appellees, who were, and are, interested parties within the statute, filed a petition with the Oil and Gas Board requesting a public hearing and praying that as to the Gwinville field, the only field concerned in the case now before us, the order heretofore mentioned should be modified so as to make the spacing in the Gwinville field 640 contiguous acres per well instead of 320 acres.

The petition further prayed that the Board shall make such other and further orders as will comply with the requirements particularly of Section 6140, Code 1942, and more particularly that the Board include in its order under said petition a rule which would allocate, distribute or apportion the total expected production from the common source of supply among the various gas wells affected by the order on a reasonable basis as provided in the cited section, and which would prorate and regulate gas well productinon from each common source of supply when the aggregate production capacity of all gas wells located in the common source of supply is in excess of the

reasonable market demand. There were other demands as to further rules and regulations prayed to be adopted, but the above statement is sufficient to present the point later to be further mentioned. Here after in this opinion the matters mentioned in this paragraph will be referred to as paragraph two.

The Board received the petition and on July 19, 1946, issued its notice of a hearing thereon, fixing July 30, 1946 as the date therefor and the place, the Hall of the House of Representatives, at the new Capitol building. At the place and on the date last aforesaid all the parties hereto were present, as well as many others, and the Board proceeded to hear all witnesses who were then offered. At the hearing certain landowners within the Gwinville field appeared and objected and they extended their objections so as to request that the spacing requirement be reduced to 160 acres per spacing unit or even to a less acreage. On their request, the meeting was recessed to August 7, 1946, and on that date a further recess was taken to August 21, 1946, when additional witnesses were heard, and all were heard who were introduced. On August 28, 1946, the Board made its order and entered same on its minutes that the petitions be denied and that the former rule as to the spacing requirements of 320 acres should remain in force. The Board in its order did not respond to or mention the matters outlined in paragraph two.

From this order of August 28, 1946, some of the landowners, who were insisting upon a spacing of less than 320 acres, are said to have taken an appeal within ten days to the Circuit Court of Jefferson Davis County, within which county part of the land lies. But the original petitioners, appellees here, took no appeal. Instead they filed with the Oil and Gas Board, on September 19, 1946, a petition that the said Board review and revoke its order of August 28, 1946, and modify it so as to require the 640 acres spacing, and that it rule upon and incorporate the matters as mentioned in the said paragraph two. On September 30, 1946, the Board met to consider this

second petition, and the question was there raised in limine both by the Board and by some of the landowners aforesaid whether any other object was sought by the said second petition than merely to review the merits of the first petition and the decision thereon of August 28, 1946, to which a candid response was made by the attorneys representing the petitioners, that the real object of the second petition was to obtain a rehearing and on the same record that was before the Board under the first petition and that they had nothing new to offer, and they offered nothing in substantial addition to what was already before the Board at its meetings prior to August 28, 1946. The Board declined to entertain the second petition and entered an order to that effect, the order being made and entered on that day, September 30, 1946. From the latter order and within ten days from the date thereof, the petitioners in the second petition—who were among those who were parties to the first petition—took an appeal to the Circuit Court of Hinds County.

When the appeal came on to be heard in the said circuit court, the Oil and Gas Board appeared and made a motion to dismiss the appeal because not taken within the time allowed by law, and on other grounds. The motion was overruled and the court proceeded to review, not what was done by the Board on September 30, 1946, but what was done by it on August 28, 1946, including the omissions therefrom of the matters outlined in paragraph two, and entered a judgment reversing the action taken by the Board on the date last stated, from which judgment of the circuit court the Oil and Gas Board has appealed to this court.

It will be noted from the foregoing statement that on August 30, 1945, the Oil and Gas Board had made its rule and regulation governing the spacing of gas wells, to which so far as the record shows, and as we will assume, the parties hereto were not then parties. But, as stated, appellees here did make themselves parties by the petition

filed by them on or about July 15, 1946, and here we may quote the controlling statute, Section 6136, Code 1942:

"The board hereby created shall have authority to adopt and promulgate such rules and regulations as may be reasonable and proper and as it may deem necessary for the conservation of crude oil or petroleum and/or natural gas produced in the State of Mississippi, and to provide such rules and regulations for the drilling, development, sinking, deepening, abandonment and operation of oil and gas wells as may be necessary to prevent the waste of such products and to protect the common source of supply. Provided, that any person, firm, association or corporation affected by or interested in any Act, order, rule or regulation of the board or of the Supervisor may file a petition with the board for a hearing on such Act, order, rule, or regulation and upon the filing of such petition for a hearing it shall be the duty of the board to thereupon set a day not less than five nor more than fifteen days from the date of filing of such petition for a hearing. All hearings before the board shall be in open session and all interested persons and their witnesses shall be heard. All decisions of the board upon such petitions shall be made in writing and a copy served upon the petitioner; and any person, firm, association or corporation being a party to such petition may appeal from the decision of the board within ten days from the date of the rendition of the decision to the circuit court of Hinds county or of the county or of the county in which the petitioner is engaged in business or drilling operations. . . ."

It seems to us clear enough that when the petitioners made themselves parties by their petition praying for a modification of the original order and the board proceeded upon the petition by a full hearing of all testimony offered and made an order in response to the petition, the allowance to the petitioners of an appeal form that order was limited to a period of ten days from the date on which the responsive order was made; from which it

must follow that no such appeal having been taken, the order of August 28, 1946, is now beyond the reach of judicial review, so far as any statutory method is concerned.

It will be further observed from the statute that it makes no provision for a second petition by the same parties directed against any rule or regulation dealt with under a former petition by them. But petitioners, appellees here, say that the jurisdiction of the Oil and Gas Board, exercised as it is under the police power of the State, is of a continuing nature and that its orders are not final in the sense which appertains to final judgments and decrees of judicial courts, and that inasmuch as the Board may alter or modify its orders as regards any rule or regulation at any subsequent time, it has full jurisdiction to entertain and to sustain subsequent petitions so praying, even if by the same parties, and in further consequence that an appeal within ten days is allowable from the action of the Board on such a subsequent petition. For the sake of the argument, and for that purpose alone, we may accept the forgoing statement as true; nevertheless it is also true, as we observed in California Co. v. Oil & Gas Board, No. 36, 163, 201 Miss. 824, 27 So. (2d) 542, 544, and which we now reaffirm, that ''most assuredly, the statute does not contemplate that two hearings shall be had upon the same issue between the same parties and on the same evidence.''

This means, then, that what was done under the petition or petitions filed on or about July 15, 1946, and by the responsive order of August 28, 1946, from which no appeal was taken by appellees here within ten days from the date of that order, must remain a closed chapter, so far as concerns any further petition by them unless and until there have been some substantial changes in the pertinent conditions, some new developments, or discoveries, or some different new order made by the Board itself, and the second petition and the appeal from the order made in response to the second petition cannot be made to relate back to and include the order of August

28, 1946. The appeal, then, from the order under the second petition presents no other question than what was done under that second petition; and inasmuch as nothing new was presented under the second petition, beyond an effort to obtain two hearings on the same issue between the same parties on the same evidence, the Board was within its lawful right when it dismissed the second petition, and its action in so doing must be affirmed.

The chief reliance of appellees here in support of their contention that the second petition and the appeal from the order made in response thereto brings into review what was done under the first petition, is based upon what was said by the Court in California Co. v. Oil & Gas Board, No. 36, 162, 201 Miss. 849, 27 So. (2d) 548, and in the response to the suggestion of error in that case, 201 Miss. 849, 28 So. (2d) 121. There were two appeals in that case, one from the first order made by the Board and the other from the second order. The appeal from the second order was dismissed by the circuit court which left the first appeal still pending in that court, and in reversing the dismissal we simply pointed to the opinion in case No. 36,163 as controlling when it came to any disposition by the trial court of case No. 36,162, pending as it was under the first appeal. There was nothing said by us in either of these case, as we see it, that justifies the conclusion that we meant to hold that the second appeal related back to and brought forward what was done under the record by which the order under the first petition was made; but since appellees have urged that the language used is capable of that construction, we now expressly disavow any such purpose on our part as we may do without any injustice here, since what we said in the California case was several weeks after appellees had chosen their course of procedure in the present case, and which therefore did not in any event mislead them in what they did.

As to the matter outlined in the second paragraph of this opinion, appellees contend that the failure of the

Board to respond to the additional demand of the petition, paragraph two, renders the order of August 28, 1946, void, —that substantially the entire field of the requirements of Sec. 6140 must be covered in such an order without which any order as to any part thereof is without any validity whatever. So far as shown by the record now before us, no order regulating gas fields has ever been made by the Board other and beyond their order of August 30, 1945, which so far as the record shows, relates alone to the spacing of wells. If it was necessary to the validity of the order that the entire field of the requirements of Section 6140 be included at the same time, then the order of August 30, 1945 was void and being void was no order at all, and appellees were never in court because there was no order to which their petition of July 15, 1946, could be directed. If, on the other hand, the order of August 30, 1945 was valid, it covered nothing beyond prescribing the spacing unit, and included nothing of the matters of paragraph two.

It will be observed from a careful examination of Sec. 6136 that its provision for petitions by parties in interest for formal hearings is that such a petition shall be directed towards some "Act, order, rule or regulation of the board", and that the hearing shall be "on such Act, order, rule or regulation." Manifestly, there could be no petition or hearing on an order, rule or regulation unless such an order, rule or regulation was in existence at the time of the petition and the hearing thereon. Since, as stated, the Board had never made any order as to the matters outlined in paragraph two, there was no basis upon which the petition could rest as to said matters, and the Board was correct in disregarding those additional matters in its order of August 28, 1946.

It was the evident purpose of the statute that any order, rule or regulation which could become the object of a petition by the parties for a formal hearing thereon and for a judicial review thereof shall first be made by the Board. It was the purpose of the statute that in making

these initial orders, rules and regulations the Board should have recourse to any and all information, including the literature on the subject or subjects, from the broadest reliable sources, and from all informed persons in all related commercial or scientific circles, including, of course, suggestions or representations either orally or in writing by any party or parties in interest, and should apply thereto the knowledge and mature judgment of the members of the Board, unfettered by the rules which appertain to judicial or quasijudicial hearings, but on the contrary that in formulating such initial rules and regulations, they would proceed solely in a legislative capacity. See California Co. v. Oil and Gas Board, 201 Miss. 824, 27 So. (2d) 542, at p. 545. It is not until such rules are made by the Board, and then only by petition directed to or towards them, with the requisite specification of the grounds of the petition, that they can be taken out of their legislative character, and be made the subject of judicial review. Here, then, we repeat that the matters mentioned in paragraph two have never been included, so far as this record shows, in any order, rule or regulation made by the Board and in consequence are not the subject of a judicial review under Sec. 6136 of the Code under which this case has proceeded.

We do not deal with the alleged appeal to the Circuit Court of Jefferson Davis County, it not being necessary to do so in disposing of the appeal now before the Court.

To summarize our conclusions: The Circuit Court of Hinds County was without jurisdiction to review the order of August 28, 1946, or the matters mentioned under paragraph two; and inasmuch as the order by the Board made on September 30, 1946, was correct, under the appealable record then before the Board, that order should have been affirmed; wherefore judgment to that effect will be entered here.

Reversed, and judgment here for appellant.

ON SUGGESTION OF ERROR.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on suggestion of error.

Appellees have filed a suggestion of error herein, alleging that in our former opinion decisive of the issues involved, we made "several serious errors." We have carefully considered them all in conference and agree that appellees' contentions are not sustained. However, we have concluded that one suggestion of error should be recognized by response thereto. Our former opinion has been published in 30 So. 2d 589, but not yet in the State Reports.

The charged error we discuss is the complaint that we "erred in holding that appellees herein had filed a 'petition' with the Board prior to the Board's order of August 28; they had not; appellees' first petition was that of September 19, upon which the appealed order of September 30 is based."

Appellees say in their present brief: "The Court's misapprehension no doubt arose from two sources. The Board's motion to dismiss in the Circuit Court avers that appellees herein had filed a petition 'prior to July 15, 1946'. Also, in appellees' brief, page 2, we said that 'prior to July 1946,' appellees had filed a petition with the Board. However, neither of these statements is true. They were inadvertent errors.

Their contention is further that what we assumed to be a petition was merely a letter. The document however set forth fully the views of appellees in the matters then before the Board, was treated as a petition and was incorporated in the transcript of the proceedings as such. Furthermore, its author, Mr. Patman, attorney for appellees, appeared and conducted the major part of the proceedings as their attorney, and also testified as a witness, in the course of the hearing, which resulted in the order of the Board. It will be seen from the foregoing statement that the matter proceeded, with the active participation therein, on the part of appellees, and with no

objection made by them of the alleged absence of a petition on their part. Will anyone insist that, had their views and purposes prevailed, they would have appealed, on the grounds they here urge? The question answers itself.

Having conceded in their brief that they filed a "petition," this was a concession of a fact in the course of the procedure before the Board, on which we have the right to rely. From the consequences of their admission they cannot escape now by ascribing, what they presently call "an inadvertent error," and charging it to us, even if in reasonable contemplation it was an error of any sort by them or the Court. A party to a legal controversy cannot obtain the rights of a party at a hearing of his cause by a concession that such party had followed the procedural requirements of the statute, and, subsequently, upon upon failure to prevail, repudiate such concession, in order to defeat the unfavorable result of the adjudication.

This particular suggestion of error is based on an argument no where initiated in the original brief of appellees on the submission of the case here, wherein our decision was against appellee. It emerges into our view for the first time in the suggestion of errors. We cannot, therefore, approve here the argument of appellees' present brief. See State ex rel. Suddoth v. Tann, 172 Miss. 162 158 So. 777, 159 So. 539.

We re-affirm what we said in the case of Delta Cotton Oil Co. v. Elliott, 179 Miss. 200, 201, at page 217, 172 So. 737, 174 So. 550, 551: "It is elemental that the duty rests upon an appellant to show error when he presents his appeal and he must do this on the original submission; for we have time and again held that 'it is rarely the case that this court will notice, on a suggestion of error, a new contention, one not assigned or argued on the submission of the case. As a general rule it is no more permissible on appeal to present a case in halves or by piecemeal than it would be on the original trial'." So here, in conclusion, it is our view that the point would not have

been well taken had it been made when the case was submitted; but it could not now be sustained, when first appearing in the suggestion of error, as here.

We do not deem it necessary to discuss the other assignments, which have been clearly and correctly decided, in our original opinion. The suggestion of error must be and is overruled.

Suggestion of error overruled.