KIMBRELL, DEFENDANT-APPELLANT *v.*
KIMBRELL, COMPLAINANT-APPELLEE

No. 43484 April 5, 1965 173 So. 2d 437

*Sandy R. King, Calvin R. King,* Durant; *Paul G. Alexander,* Jackson, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

PATTERSON, J.

This is an appeal by the father of a minor child from a decree awarding the sum of $60.00 per month to be paid by the father for the support of such child. The proceedings in the trial court were under the provisions of Mississippi Code Annotated section 456-01 et seq (1956) entitled Enforcement of Support of Dependents, the purposes of which are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto.

The proceedings here were initiated in the State of California by the mother of the child and were concluded in the State of Mississippi. This appeal arises from the final decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi, as the responding state.

The parties to this suit other than the states of California and Mississippi are the mother and father of April Kimbrell, a minor. They were divorced in Hinds County on the 20th day of December, 1960, by a decree which awarded to the mother the custody of

their child, with the right of reasonable visitation to and with said child by the father. The decree further ordered the father to pay the sum of $60 per month to the mother for the support of the child. Thereafter the mother, with the child, moved to the state of California and subsequently received from the County of Los Angeles the sum of $433.37 for support of the child. The basis of such payments by the county is, so it is alleged, that the defendant has totally failed to provide support for the child. The suit filed in California as the initiating state prayed for the following orders:

1. An order directing defendant to pay a reasonable sum as and for support herein.

2. An order directing defendant to reimburse plaintiff County of Los Angeles in the sum of $433.37 for expenditures heretofore made for the support of the above-named dependent(s).

3. That any and all payments for support and/or reimbursement hereunder be made payable to and forwarded to the Court Trustee, the proper person to receive such payments; that the Court Trustee's address is P. O. Box 3544 Terminal Annex, Los Angeles 54, California.

4. That the Clerk of this Court prepare three copies of the Complainant, the Certificate and the Reciprocal Enforcement of Support Act of the State of California and that he transmit said documents to the Clerk of the Chancery Court, Hinds County located at Jackson, State of Mississippi, forthwith.

The answer of the defendant avers as the sole defense to the petition that the mother has removed the child from the state of Mississippi to the distant state of California depriving defendant of his right of reasonable visitation as directed by the court, and that such actions on the part of the mother were willful and deliberate and constitute a willful and contumacious contempt of

the court, and that because of this contemptuous action on the part of the mother, she is not entitled to the relief prayed for in the bill of complaint.

A hearing was had upon an agreed statement of facts in lieu of evidence in the Chancery Court of Hinds County which resulted in a final decree awarding to the mother of the child the sum of $60.00 per month for its future support. The father appeals from this decree, his principal assignment of error being that the court erred in awarding any amount whatsoever to the appellee since his reasonable rights of visitation with child were prohibited by the removal of the child to a distant state.

We are of the opinion and so hold that this assignment of error is not well taken since the acts of the mother, even if interpreted to be misconduct on her part, would not relieve the father of his legal duty of support of his child. In the case of *Lide v. Lide,* 201 Miss. 849, 854, 30 So. 2d 51 (1947), this Court stated:

> It is the duty of a father to support his minor child even though it is not in his custody but that of the mother, and when granting a divorce, Section 2743, Code of 1942, permits the chancery court to fix the amount which the father must pay for the support of the minor children of the parties thereto, and which the father must thereafter pay in accordance with the decree or become liable for contempt of court in not so doing. He is not relieved therefrom because of any misconduct of the child's mother, though the court granting the divorce has the power to render a new decree conforming to the requirements of changed circumstances.

See also *Pass v. Pass,* 238 Miss. 449, 118 So. 2d 769 (1960); *Russell v. Russell,* 170 Miss. 364, 154 So. 881 (1934); *Boyett v. Boyett,* 152 Miss. 201, 119 So. 299 (1928); and *Lee v. Lee,* 135 Miss. 865, 101 So. 345 (1924).

 The order of the trial court directs the payment for future support of the child to be made to the mother rather than to the court trustee, whose address is Post Office Box 3544 Terminal Annex, Los Angeles 54, California, as prayed for in the Bill of Complaint of the initiating state. We are of the opinion that the court erred in this regard as Mississippi Code Annotated section 456-23 (1956) provides as follows:

> The court of this state when acting as a responding state shall have the following duties which may be carried out through the clerk of the court:
>
> (a) Upon the receipt of a payment made by the defendant pursuant to any order of the court or otherwise, to transmit the same forthwith to the court of the initiating state, and
>
> (b) Upon request to furnish to the court of the initiating state a certified statement of all payments made by the defendant.

This clearly indicates that payments made under the provisions of this Act should be made to the proper court officials, and to this extent we modify the decree of August 3, 1964, in this cause so that the payments of $60.00 per month therein awarded for the future support of April Kimbrell, a minor, shall be made by the defendant to the Clerk of the Chancery Court of Hinds County, Mississippi, so that he might comply with subsections (a) and (b) of section 456-23 *supra*.

Affirmed as modified.

*Kyle, P. J., and Ethridge, Jones and Inzer, JJ.,* concur.