HAWKINS, Justice, for the Court:
This is an appeal from the Chancery Court of Pike County by the appellant Mrs. Kay W. Jackson Westmoreland denying her petition to cite the appellee Andrew Roland Jackson, her former husband, for contempt for failure to pay child support. We reverse.
Appellant Kay W. Jackson Westmoreland (Mrs. Westmoreland), and the appellee Andrew Roland Jackson (Jackson) were married January 5,1960, and five children were born unto their marriage. Mrs. Westmore- *726 land filed for divorce in the Chancery Court of Pike County on September 30, 1977, resulting in a decree for divorce in her favor on December 17, 1977.
The permanent custody of David Jackson, Andrew Jackson, Dwayne Jackson and Mark Jackson was granted to Mrs. West-moreland in the divorce, and Jackson was directed to pay $300.00 per month child support, payable on the 1st and 15th of each month. This decree was modified by a decree of the chancery court on November 28, 1978, reducing the child support payments to $275.00 per month, $150.00 to be paid on the first of the month, and $125.00 on the 15th of the month. In the first decree the father was given reasonable visitation rights. In the second decree of November 28, 1978, the father was given the additional right in reference to Mark Jackson to take the minor to visit with him from 5:00 p. m. on Friday until 5:00 p. m. on the following Sunday, every other weekend, and also on Christmas day beginning at 2:00 p. m., and three days following each year.
Mrs. Westmoreland, who remarried following her divorce from Jackson, filed a petition to cite Jackson for contempt on March 4, 1980, for failure to pay child support.
At the hearing it developed the mother had not allowed the father to have the child on a weekend, and because of her failure to abide by the decree of the court, the chancellor denied her petition. At the time of the hearing Jackson was several months in arrears in child support payments.
The appellee Jackson has filed no response to the brief of Mrs. Westmoreland, which ordinarily would be tantamount to a confession of error in the trial court.
We have understanding for the chancellor’s impatience with Mrs. Westmoreland in her failure to abide by the decree granting the right of Jackson to have Mark visit with him, as well as other matters coming before the court at the hearing.
The father’s duty to pay child support as required by a chancery court decree is not relieved by misconduct of the mother. Lide v. Lide 201 Miss. 849, 30 So.2d 51 (1947); Kimbrell v. Kimbrell, 252 Miss. 360, 173 So.2d 437 (1965). While this Court has denied a petitioning mother relief in a case where she wilfully hid their children from the father for eight years, Cole v. Hood, 371 So.2d 861 (Miss.1979), this is not such a case. Ample means are provided a chancery court to see that a mother who has custody of a child permits visitation as ordered by the court.
The decree of the chancery court denying Mrs. Westmoreland’s petition is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.